**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONATHAN ROBINS,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:21-1474** |
| **v.** | : | **(JUDGE MANNION)** |
| **SECRETARY JOHN WETZEL,**<br> ***et al.,*** | : | |
| | : | |
| **Defendants** | | |

**<u>MEMORANDUM</u>**

I.    B<span style="font-variant:small-caps">ACKGROUND</span>

Plaintiff, Johnathan Robins, an inmate confined at the Rockview State Correctional Institution, Bellefonte (SCI-Rockview), Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). Plaintiff claims that he will not be eligible for parole until he completes a mandatory sex offender program. <u>Id</u>. He challenges his removal from the sex offender program, claiming that his removal from the program has rendered him ineligible for a parole hearing. <u>Id</u>. For relief, Plaintiff seeks damages as well as to "finish the program" and a parole board hearing. The named Defendants are DOC Secretary John Wetzel, Superintendent Salamon, Supervisor Tice, Unit Manager Condo, Counselor Williams, Coordinator Damico, the Pennsylvania Board of Probation and Parole, District Attorney

Krasner, and the Philadelphia District Attorney's Office. Id. The required filing fee has been paid. (Doc. 6). For the reasons set forth below, Robins' action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. §1915A.

## II.   STANDARDS OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §1915(e)(2)(B) and §1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013).

In dismissing claims under §§1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under §1915A(b)(1), §1915(e)(2)(B)(ii), or §1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa.

2010) (explaining that when dismissing a complaint pursuant to §1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed.R.Civ.P. 12(b)(6) standard to dismissal for failure to state a claim under §1915(e)(2)(B)).

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. Cty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to considering the facts alleged on the face of the complaint, the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of

- 3 -

the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Under the pleading regime established by <u>Twombly</u> and <u>Iqbal</u>, a court reviewing the sufficiency of a complaint must take three steps. First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.' Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 679, 129 S.Ct. 1937. <u>See</u> <u>also</u> Burch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, '[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' Iqbal, 556 U.S. at 679, 129 S.Ct. 1937." Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (footnote omitted). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Robins proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

### III.   ALLEGATIONS IN COMPLAINT

Plaintiff claims that he was charged in the Court of Common Pleas of Philadelphia County with one count each of Involuntary Deviate Sexual Intercourse by Forcible Compulsion, in violation of 18 Pa.C.S.A. §3123(a)(1); Unlawful Contact with a Minor, in violation of 18 Pa.C.S.A. §6318(a)(1); Statutory Sexual Assault, in violation of 18 Pa.C.S.A. §3122.1; Interference with Custody of a Child, in violation of 18 Pa.C.S.A §2904(A); and Corruption of Minors, in violation of 18 Pa.C.S.A. §6301(A)(1). See Commonwealth of Pennsylvania v. Robins, CP-51-CR-0003430-2009, Criminal Docket.

Although the docket sheet reflects that Plaintiff was convicted on all five counts, see id., Plaintiff contends that there is a mistake, in that count 1, Involuntary Deviate Sexual Intercourse (IDSI) by Forcible Compulsion, "was falsely listed as guilty on [his] sentencing sheet." (Doc 1).

He claims that while at SCI-Rockview he "was enrolled in sex program ran by coordinator Ms. Miller" and that "requirements of the sex program are to give honest feedback and take responsibility for [their] actions." Id.

- 5 -

Plaintiff, states, however, that although he "admitted to all actions testified to at trial by witnesses," he "believed he was innocent" and "would not lie and agree with false information in the record." Id. As such, he attempted to "provide documents dealing with his conviction to Coordinator Ms. Miller to explain to her why he had this belief." Id. He claims that he provided "trial transcripts, Judge's Opinion, marriage license signed by a Judge, marriage laws and other documents." Id. Plaintiff then explained that the "complainant testified that she lied to Plaintiff about her age" when they were married, and that Plaintiff was prevented from presenting any marriage evidence to the jury. Id. Thus, Plaintiff challenges that charge of IDSI by forcible compulsion, claiming that "in the trial judge's opinion, trial judge stated listing of conviction of 3123(A)(1) was incorrect, it was a 'clerical error'." Id.

Plaintiff claims that Miller "viewed the documents Plaintiff provided and assessed that there was no purpose in furtherance of any government interest to have Plaintiff continue program" and "in a letter dated December 22, 2020, Miller removed Plaintiff from program saying he would not be listed as a refusal and it would not be disciplinary." Id. He states that Miller "then provided documents to Parole Board for review." Id.

- 6 -

Plaintiff states that "later [he] had a meeting with Condo and Williams who told him the prison would not recommend him for parole because he did not finish program. <u>Id</u>. He contends that "staff tried to coerce [him] into agreeing with false information that he was guilt of IDSI by forcible compulsion and that him having sex with his wife was a criminal offense." <u>Id</u>.

On March 18, 2021, Plaintiff claims that "someone then decided to place Plaintiff back into program." <u>Id</u>. Plaintiff "did all written work" and then "asked his parole agent, Williams and Damico if participants were allowed to lie to satisfy program," but "no one answered [his] questions." <u>Id</u>. Williams then allegedly "stated they're not debating Plaintiff's marital status because it was not relevant in the DOC." <u>Id</u>. Plaintiff claims that Superintendent Salamon "stated any errors in sentencing documents must be taken up with Phila Justice system" and that "Plaintiff's marriage must be evaluated and that his marital relationship was deviate behavior." <u>Id</u>. He further stated to Plaintiff that "Plaintiff's belief in his innocence make program completion impossible." <u>Id</u>.

Plaintiff "has contacted Phila. District Attorneys' Office Integrity Unit on 4-2-18, 3-18-19, 2-12-20 and 9-7-20, to correct false information in his record, but Krasner's Office has yet refused to correct it. <u>Id</u>. Plaintiff claims

that he "was due to see parole in July, 2021" and was "involuntarily removed from program in mid May" for "lack of progress" and that "this sabotaged Plaintiff's opportunity for parole, as a week later Plaintiff was given a letter dated 5-28-21 from Parole Board saying Plaintiff had not attended and participated in program so he would not be seen by Parole." Id. Plaintiff "informed Board on 6-7-21 that he was involuntarily removed from program and he did attend and participate as the Pa law requires to see parole" and he "has yet to see Parole Board." Id. Plaintiff claims that Defendant Tice "stated Plaintiff will not see parole unless enrolled in program." Id. Plaintiff states that he "has never refused to be in program." Id.

On April 11, 2021, Plaintiff filed Grievance No. 922994, "because Pa. DOC would not honor assessment of Miller, the continued disrespectful statements about Plaintiff's marriage and coercion to try to force Plaintiff to disrespect and demonize his marriage and to force him to lie and agree with false facts to complete program." Id. Plaintiff's grievance "was denied initially, upheld by Superintendent Salamon and final appeal was denied on July 30, 2021. Id.

Thus, on August 26, 2021, Plaintiff filed the instant action in which he challenges his participation in the sex offender program, his consideration

- 8 -

for parole and Defendants' actions as "discriminatory, insulting and slanderous." Id. For relief, Plaintiff seeks damages as well as to "finish the program," for the "Phila DA's Office to correct the 'clerical error' saying Plaintiff was convicted of IDSI" and for the "Board to see Plaintiff for a parole hearing." Id.

## IV.   DISCUSSION

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. §1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under §1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

## A. **Denial of Parole**

There are two avenues under federal law by which a plaintiff can seek relief on complaints related to imprisonment, namely, a petition for writ of habeas corpus, and a complaint under 42 U.S.C. §1983. Challenges to the validity of any confinement or to particulars affecting its duration may be raised in a petition for writ of habeas corpus. See Preiser v. Rodroguez, 411 U.S. 475, 500 (1973). Requests for relief turning on circumstances of confinement may be presented in a §1983 action. See Muhammad v. Close, 540 U.S. 749, 750 (2004). The United States Supreme Court discussed the boundary separating habeas corpus and §1983 in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called

into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-487. When a state prisoner seeks damages in a §1983 suit, the district court must evaluate whether judgment in the plaintiff's favor would necessarily imply the invalidity of his or her sentence. Id. at 487. If it would, and the sentence has not already been invalidated, the complaint must be dismissed. Id.

To the extent that Robins seeks release from confinement, starting with his request for a parole hearing, such relief is not available via Section 1983. Robins' claim is essentially a challenge to the duration of his confinement. As such, it is not the proper subject of a Section 1983 action and should be raised in a habeas petition.

To the extent that Robin seeks only an interview with the Parole Board, claiming that his constitutional rights were violated when the Parole Board refused to grant him a parole hearing based on his failure to complete the sex offender program, Section 1983 remains available for procedural challenges where success would not necessarily spell immediate or speedier release for the prisoner. See Wilkinson v. Dotson, 544 U.S. 74 (2005).

**B. <u>Eighth Amendment Claim</u>**

The Eighth Amendment protects prison inmates from cruel and unusual punishment. <u>See</u> Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. <u>See</u> Rhodes v. Chapman, 452 U.S. 337, 349 (1981). To assert an Eighth Amendment conditions of confinement claim, a prisoner must satisfy both an objective and subjective test. <u>See</u> Wilson v. Seiter, 501 U.S. 294, 298 (1991). Specifically, a prisoner must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (1994). A prisoner must also demonstrate that "he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials possessed a "sufficiently culpable state of mind" and demonstrated "deliberate indifference" to his health or safety. Id. However, only "extreme deprivations" are sufficient to present a claim for unconstitutional conditions of confinement. Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). Mere negligence or inadvertence will not satisfy the deliberate indifference standard and cannot constitute a violation of the Eighth Amendment. <u>See</u> Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

Robins appears to allege that the denial of parole hearings based on his failure to complete the sex offender program violates his Eighth Amendment rights. However, he fails to set forth any facts in support of an Eighth Amendment claim. While it is true that detention beyond the expiration of a term constitutes punishment within the meaning of the Eighth Amendment, Robins does not allege that he is detained beyond his maximum sentence date. See *Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989) ("[T]here can be no doubt that imprisonment beyond one's term constitutes punishment within the meaning of the eighth amendment."). Robins was sentenced on June 29, 2010 to a twelve-to-thirty-year term of imprisonment. See Commonwealth of Pennsylvania v. Robins, CP-51-CR-0003430-2009, Criminal Docket. He makes no claims regarding detention beyond his maximum sentence date. Clearly, Robins has failed to allege any facts to establish a violation of his Eighth Amendment rights.

### C. **Fourteenth Amendment Procedural Due Process Claim**

The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall...deprive any person of life, liberty, or property, without due process of law...." U.S. CONST., amend. XIV. The United States Supreme Court has mandated a two-part analysis of a

procedural due process claim: first, "whether the asserted individual interests are encompassed within the...protection of 'life, liberty or property[,]'" and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" Ingraham v. Wright, 430 U.S. 651, 672 (1977). If there is no protected liberty or property interest, it is unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred.

In order to constitute a protected liberty interest, an individual must have a legitimate claim of entitlement to the subject of the deprivation, in this case, a parole hearing, which rises to more than a unilateral hope, or expectation of it. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989). It is well-settled that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Instead, a liberty interest for purposes of parole must arise from state statutes or regulations.

The Pennsylvania Probation and Parole Act does not grant prisoners any constitutionally protected liberty interest in being released on parole or reparole prior to the expiration of their maximum terms. See McFadden v.

- 14 -

Lehman, 968 F. Supp. 1001, 1004 (M.D. Pa. 1997) (Pennsylvania has not created an enforceable liberty interest in parole, rehabilitative pre-release programs, or in therapy programs). Pennsylvania law unambiguously provides that a prisoner is not entitled to release from prison until the expiration of his maximum sentence.[1] Nothing in the Pennsylvania Parole Act, or any other provision of Pennsylvania law, requires the Board to release a prisoner on parole prior to the expiration of his maximum term. See Board of Pardons v. Allen, 482 U.S. 369, 373 (1987) (the existence of a state parole system alone does not create a constitutionally-protected interest). The Board has complete discretion to determine whether an inmate is sufficiently rehabilitated such that he will be permitted to serve the remainder of his sentence outside the prison walls. See Tubbs v. Pennsylvania Bd. of Probation and Parole, 152 Pa. Cmwlth. 627, 620 A.2d 584, 586 (Pa. Commw. Ct. 1993) (stating, "it is well settled under Pennsylvania law that a prisoner has no constitutionally protected liberty interest in being released from confinement prior to the expiration of his sentenced maximum term...the [Board] makes each decision on a case by case basis, and prisoners have

---

[1] A prisoner's sentence is his maximum term. Krantz v. Pennsylvania Bd. of Probation & Parole, 86 Pa. Commw. 38, 41, 483 A.2d 1044, 1047 (1984).

no guarantees that parole will ever be granted"), appeal denied, 536 Pa. 635, 637 A.2d 295 (Pa. 1993).

In the instant action, Robins seeks an interview with the Parole Board to address his application for parole. (Doc. 1). However, he fails to establish any constitutionally protected interest in a parole interview. In the absence of a state statute which creates a liberty interest by conferring a "protectible expectation of parole," the safeguards imposed by the due process clause do not apply. Greenholtz, 442 U.S. at 11; Debrose v. Chesney, 1996 WL 4093, at *2, n.3 (E.D. Pa. Jan. 2, 1996) ("the board's practice has been to interview inmates as part of the review of parole applications...however, no right to such an interview has been established"). Since Pennsylvania has not created a liberty interest in parole, Plaintiff is not facing any constitutionally protected harm.

Moreover, Robins acknowledges his ineligibility for parole based on his failure to successfully complete the sex offender program. To the extent Plaintiff argues that the sex offender statute merely requires that participation in the program, as opposed to completion of the program, this claim likewise fails. The Sex Offender Treatment Statute, 42 Pa. C.S.A. §9718.1, requires prisoners to undergo treatment in the form of a DOC program of counseling

or therapy to be eligible for parole. The statute gives the Department of Corrections "the sole discretion with respect to counseling or therapy program contents and administration, including the scheduling of an offender's attendance and participation." 42 Pa. C.S.A. §9718.1(c). See, e.g., Pleaze v. Klem, 335 F. App'x 168, 171-72 (3d Cir. 2009) (even absent §9718.1, the Parole Board was free to reject a prisoner's application for parole due to his failure to complete a recommended program).

Because Plaintiff has no liberty interest in obtaining parole under Pennsylvania law, he cannot contest the constitutionality of procedural devices attendant to parole decisions, such as scheduling parole hearings.

### D. **Fourteenth Amendment Substantive Due Process Claim**

"[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them'." Zinermon v. Burch, 494 U.S. 113, 125 (1990) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)). Conduct can violate substantive due process if it "'shocks the conscience,' which encompasses 'only the most egregious official conduct.'" Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008) (quoting United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392, 400 (3d Cir. 2003)). The

conduct must be "intended to injure in some way unjustifiable by any government interest...." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 849 (1998).

Robins claims that his removal from the sex offender program violated his substantive due process rights. However, he acknowledges that he failed to complete the Sex Offender Program and he was advised to complete the Sex Offender Program. Plaintiff fails to allege any actions by Defendants that were "conscience shocking." Moreover, because there is no constitutional right to parole, any substantive due process claim is foreclosed. See Thorpe v. Grillo, 80 F. App'x 215 (3d Cir. 2003).

**E. Equal Protection Claim**

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyer v. Doe, 457 U.S. 202, 216 (1982)). An equal protection claim can be brought by a "class of one," a plaintiff alleging that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for

- 18 -

the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Williams v. Morton, 343 F.3d 212, 221 (3d Cir. 2003); see also Jean-Pierre v. Bureau of Prisons, 497 F. App'x 164, 168 (3d Cir. 2012). If a distinction between persons does not implicate a suspect or quasi-suspect class, state action will be upheld if it is rationally related to a legitimate state interest. See Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 423 (3d Cir. 2000). Proof of disparate impact alone, however, is not sufficient to succeed on an equal protection claim; a plaintiff also must prove that the defendant intended to discriminate. See Vill. of Arlington Heights v. Metro. Housing Dev. Corp., 429 U.S. 252, 264-66 (1977); Washington v. Davis, 426 U.S. 229, 242, 244-45 (1976). Thus, discriminatory intent must be a motivating factor in the decision, even though it need not be the sole motivating factor. See Vill. of Arlington Heights, 429 U.S. at 265-66. Moreover, to prove a lack of rational basis, a plaintiff must negate every conceivable rational basis for his differential treatment. See Bd. of Trustees v. Garrett, 531 U.S. 356, 367 (2001); Ramsgate Court Townhome Ass'n v. West Chester Borough, 313 F.3d 157, 160 (3d Cir. 2002).

To the extent that Plaintiff claims that because he is required to complete the sex offender program, he is treated differently than other

inmates, Plaintiff failed to meet the threshold requirement of an equal protection claim because he has not alleged differential treatment. Specifically, Robins does not allege that he is being treated differently from similarly situated individuals because he is a member of a protected class or because he exercises some constitutional right. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 3017 (3d Cir. 2001) (prisoners are not a suspect class for the purposes of equal protection). In fact, Plaintiff has not alleged any facts that, if true, would support the conclusion that he is being treated differently from any similarly situated individual, i.e., other sex offenders.

Moreover, Robins failed to allege that the Board's consideration of an inmate's participation in the sex offender program is not rationally related to a legitimate penological interest. Indeed, rehabilitation of inmates has been recognized as a "valid penological interest." See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). Consequently, Plaintiff's allegations are insufficient to support a claim for relief under the Equal Protection Clause.

## F. Harassment

Plaintiff alleges that Defendants have verbally harassed Plaintiff by "making insulting statements about his marriage and lie and admit to false facts." (Doc. 1). Verbal abuse or harassment is not actionable under 42

U.S.C. §1983. See Matthews v. Norristown State Hosp., 528 F. App'x 115, 119 (3d Cir. 2013); Aleem-X v. Westcott, 347 F. App'x 731 (3d Cir. 2009); see also McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights).

Nor is Robins' alleged propaganda campaign cognizable under §1983. See Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 401 (3d Cir. 2000) ("federal courts are not to view defamatory acts as constitutional violations."). See also Karolski v. City of Aliquippa, 2016 WL 7404551, at *7 (W.D. Pa. Dec. 22, 2016) (noting that, "[b]ecause there is no federal constitutional right to reputation," "violations of state law, including defamation, are insufficient to state a claim under §1983") (quoting Kulwicki v. Dawson, 969 F.2d 1454, 1468 (3d Cir. 1992)).

## V.   LEAVE TO AMEND

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v.

Mayview State Hospital, 293 F.3d 103, 114 (3rd Cir. 2002). The Court concludes that granting Robins leave to amend would be futile as any civil rights claim is simply not cognizable at the present time.

**VI.**   **CONCLUSION**

Based on the forgoing, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) as legally frivolous

The Court will enter an appropriate Order.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 9, 2021**
21-1474-01

- 22 -