IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Johnathan Robins, plaintiff

v.

Secretary Wetzel, Superintendent Salamon, Supervisor Durst, Supervisor Tice, Coordinator Damico, Coordinator Collins, and Coordinator Ace, defendants.

#3:21-CV-01474
MEM-DB
42 U.S.C.S. §1983
§2000bb-1 & §2000cc-1

FILED
SCRANTON
FEB 24 2023
PER _____
DEPUTY CLERK

## COMPLAINT
### Jury Trial Demanded

I. **Intro:** This is a civil action brought by a state inmate under 42 USCS §1983 for violations of civil rights by state actors under Religious Freedom Restoration Act 42 USCS §2000bb-1 and Religious Land Use and Institutionalized Persons Act 42 USCS §2000cc-1 as well as Pennsylvania Constitution Article 1. §3 Religious Freedom.

II. **Parties:**
1. Plaintiff: Johnathan Robins is an inmate at SCI-Rockview, Box A, Bellefonte, Pa 16823.
2. Defendant: Wetzel is the Secretary of the Pa.

1.

D.O.C at 1920 Technology Parkway, Mechanicsburg, Pa. 17050.

3. Defendant: Salamon is the Superintendent of SCI-Rockview, Box A, Bellefonte, Pa. 16823.

4. Defendant: Durst is a Supervisor of the sex program at SCI-Rockview, Box A, Bellefonte, Pa. 16823.

5. Defendant: Tice is a Supervisor of the sex program at SCI-Rockview, Box A, Bellefonte, Pa. 16823.

6. Defendant: Damico is a program coordinator at SCI-Rockview, Box A, Bellefonte, Pa. 16823.

7. Defendant: Collins is a program coordinator at SCI-Rockview, Box A, Bellefonte, Pa. 16823.

8. Defendant: Ace is a program coordinator at SCI-Rockview, Box A, Bellefonte, Pa. 16823.

## III. Jurisdiction and Venue

9. This Court has jurisdiction over civil actions under 42 USCS §1983, §2000bb-1, & §2000cc-1.

10. Venue is proper as Plaintiff is incarcerated in middle district of Pa, defendants work in middle district, and events claimed occurred in middle district.

## IV. Facts

11. Plaintiff is married. His marriage is a sacred tenet of his religious practices. His wife was listed as the Complainant in his criminal case.

12. Plaintiff was convicted in Phila. Court #

2.

CP-51-CR-0003430-2009. He was convicted of Count 2, Unlawful Contact with Minor 18 Pa. CSA §6318; Count 3, Statutory Sexual Assault §3122.1; Count 4, Interference with Custody of a Child §2904(A); and Count 5, Corruption of a Minor §6301(A)(1). Plaintiff was not found guilty of Count 1, Involuntary Deviate Sexual Intercourse (IDSI) "by forcible compulsion" §3123(a)(1); but trial Judge stated in his opinion that Plaintiff was falsely listed as guilty of IDSI §3123(a)(1) "by forcible compulsion"; that it was a "Clerical Error".

13. Plaintiff had presented trial Judge with Marriage License and Marriage laws to show jury no crime was committed, as marriage exempts spouses from charged offenses. The District Attorney said he did not want jury to see marriage evidence, so trial Judge refused to allow jury to see marriage evidence or explain marriage laws to jury, and told Plaintiff he was not allowed to tell jury about marriage evidence or use marriage defense and if Plaintiff tried the trial Judge would stop him. Later trial Judge told jury no one presented any marriage evidence. The jury found Plaintiff guilty of Counts 2-5.

14. While at SCI-Rockview Plaintiff enrolled in sex

3.

program ran by coordinator Ms. Miller. Plaintiff completed all paperwork. Plaintiff had admitted to all actions testified to at trial, but said they were not crimes as they were actions with his wife.

15. Plaintiff provided Ms. Miller copies of trial transcripts, Judge's opinion, Marriage Certificate, Marriage laws, and other documents. Miller assessed there was no purpose in furtherance of any government interest to have Plaintiff continue program. She removed Plaintiff from program saying he would not be listed as a refusal and it would not be listed as disciplinary.

16. Defendant Salamon stated Plaintiff's marriage must be evaluated and that his marital relationship was deviate behavior. Plaintiff was put back in program with defendant Damico. Plaintiff was involuntarily removed from program in mid-May because he refused to disavow and slander his religious tenet of his marriage; defendant Tice stated removal was for lack of progress. This sabotaged Plaintiff's opportunity to see parole, as a week later Plaintiff was given a letter dated 5-28-21 from Parole Board saying he would not be seen by them because

4.

the D.O.C. said Plaintiff had refused to attend and participate in program. Salamon stated Plaintiff's belief in his innocense, because because of him following his religious tenets of marriage, makes program completion impossible. Plaintiff filed grievance #922994; he appealed to final decision.

17. Plaintiff was placed back in program for a third time with defendant Ace on 11-2-21. Plaintiff stated he believed in his innocense because of his religious tenets on his marriage and refused to lie, make false statements, slander, demonize, or disavow the sanctity of his marriage. There is a requirement in the program that participants must be "honest", and if Plaintiff lied he would be violating this requirement. Plaintiff was removed from program, he filed grievance #955415; appealed to final decision.

18. Plaintiff was put back in program a fourth time with defendant Collins. Plaintiff tried to show Collins marriage evidence to show his actions were lawful, she refused to see it. Defendant Durst came to Collins group to tell Plaintiff because he would not disavow, slander, and demonize his marriage the D.O.C. was going to max his sentence out and Durst was going to record him as refusing to take program.

5.

Plaintiff has never refused program. Plaintiff filed grievance #97232 and appealed it.

19. Plaintiff was put back in program with defendant Ace. Ace always tells the group that the age of consent in Pa. is eighteen even though Plaintiff tells her its sixteen. Plaintiff once again admitted to the facts in case and admitted to what the law clearly says. Ace wanted Plaintiff to make false statements that do not align with the facts of the case or the law. Ace also wanted Plaintiff to disavow, slander, and demonize his marriage against his religious tenets as well as give false witness against his marriage; Plaintiff refused to make such statements.

20. Ace required Plaintiff as well as all other inmates in group to state thinking errors for offense, how they were stressed out to make them offend, and what was triggering them to do offense. Plaintiff as well as some other inmates stated that some of these things did not apply to them but Ace stated people in group must state that they do apply to stay in group. Ace was requiring people in the group to make false statements to continue. Plaintiff refused to do so. Ace required Plaintiff to disuss his most intimate marital affairs with group, Plaintiff refused as this was against his religious tenets.

6.

Plaintiff was removed from the program a fifth time.

21. Plaintiff has admitted to all actions shown by the facts of his case and has accepted responsibility for his actions. This should satisfy the "acceptance-of-responsibility" component of the sex-offender program. But because the law states Plaintiff's actions were legal staff wants Plaintiff to make up false statements and fake complexes to pass program.

22. 42 Pa. CSA §9718.1 requires only attendance and participation in sex program, it does not say one must complete it. The program is mandatory to see parole. Plaintiff has satisfied the requirements of §9718.1 multiple times.

## V. Claim

23. Violation of Plaintiff's Religious Rights under RLUIPA 42 USCS § 2000 cc-1, RFRA 42 USCS § 2000 bb-1, and Pa. Cons. Art. 1 §3 Religious Freedom. The D.O.C.'s application of the "acceptance-of-responsibility" component of the sex-offender program infringes upon Plaintiff's religious practices as it pertains to his marital religious tenets. The Pa. Constitution and RFRA will effect how RLUIPA is applied.

24. U.S. and Pa. Constitution protects religious

7.

practices concerning marriage. The acts of D.O.C. staff and the requirements staff is trying to force Plaintiff to do is harmful, it substantially burdens Plaintiff by using coercion to deny him his liberty interest in being seen by parole. Plaintiff is "not" saying he has a right to parole only a right to be seen by them.

25. D.O.C. staff has abused their use of the "admission-of-responsibility" requirement in the sex program. Not only do they require participants to admit the facts in their cases, they require them to admit to psychological complexes that the participants disagree that they have. Forcing participants to state what ever staff tells them to say whether the participants agree with it or not negates the honesty requirement in the program, what is the compelling government interest in that.

26. Plaintiff has admitted responsibility by admitting to the facts of the case and to what the law says. He has been honest and has respected his religious practices. "admission-of-responsibility" is subjective and DOC staff in control of program has used it to mean the participants must say what

8.

ever staff tells them to say, whether true or not, or they'll be removed.

27. Plaintiff's marriage is part of his recognition of his religion and has spiritual significance. His faith is exercised through his commitment and dedication to his marriage as it is a solemn vow made in connection to his faith. Plaintiffs' religious beliefs require him not to lie and give false witness about his marriage, not to disavow or slander it, to hold private the intimate relationship between husband and wife, and to defend it against attack.

28. D.O.C. staffs' attack on Plaintiff's religious marital vows also include his wife and son, as staffs' disrespect flows to them as well. Staff acts as if Plaintiffs' family is subhuman without the rights as others who have marital vows under their religion and the family values that flow from such tenets. This is a hurtful message that is a terrible irreparable harm against Plaintiff and his family.

29. Defendants Wetzel, Salamon, Durst, and Tice are charged in their official capacity for their policy making and supervisory role of subordinates in the implimentation of D.O.C. policy concerning sex program.

30. Defendants Durst, Damico, Ace, and Collins

9.

are charged in their official capacity for violation of Plaintiff's religious rights. Defendants knew or should have known requiring Plaintiff to disavow, slander, and give false statements about his marriage and to discuss intimate marital affairs in order to have a parole hearing would violate his rights.

## VI. Relief Requested

31. Plaintiff requests an injunction be issued that a procedure be put in place by the Pa. D.O.C. which would allow Plaintiff to have a parole hearing that does not require Plaintiff to disregard his religious practices and disavow, slander, and make false statements about his marriage.

Respectfully Submitted.

2-18-23   /s/ Johnathan Robins
          Johnathan Robins

## Affidavit

I swear and affirm that the statements in the above Complaint are true and correct to the best of my belief and knowledge and I swear under penalty of perjury, 28 USC § 1746.

2-18-23   /s/ Johnathan Robins
          Johnathan Robins

10.

Johnathan Robins
JP9849
PO Box A
Bellefonte, Pa 16823

RECEIVED
SCRANTON
FEB 24 2023
PER _____
DEPUTY CLERK

U.S. District Court for Middle District Pa
235 N. Washington Ave
P.O. Box 1148
Scranton, Pa 18501

INMATE MAIL
PA DEPT OF
CORRECTIONS

US POSTAGE
ZIP 16823
$00.246
0000376203 FEB 21 2023