IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

Johnathan Robins,
    plaintiff
        v
Wetzel, et. al.,         #3:21-CV-1474
    defendants

FILED
SCRANTON
DEC 26 2023
Per _____
DEPUTY CLERK

## BRIEF IN SUPPORT

1. The Plaintiff, Johnathan Robins, moves to have this Honorable Court issue an order for the defendants to have a meeting with Plaintiff and provide Plaintiff with evidence that will be used to create Religious Accommodation so Plaintiff can inspect, if necessary copy, for inaccuracies and Plaintiff will provide corrections to ensure a proper accommodation.

2. This is a civil action brought by a state inmate under §1983 against state actors. It is under Religious Freedom Restoration Act and Religious Land Use and Institutionalized Persons Act. RLUIPA requires defendants to create a religious accommodation or explain why they can't.

## RELEVANT PROCEDURAL HISTORY

3. On 2-24-2023 Plaintiff filed Second

1.

Amended Complaint. On 4-20-2023 Plaintiff served first set of Discovery Requests on Defendants. On 4-28-2023 Defendants file Motion to Dismiss. On 5-25-2023 Defendants respond to Plaintiff's first set of Discovery; discovery response was incomplete. On 6-12-2023 Plaintiff sends Defendants discovery information on his marriage and marriage law. On 6-20-2023 Plaintiff files first motion to Compel Discovery. On 10-18-2023 Plaintiff filed Second Motion to Compel seeking responses to Request for Admission. On 11-1-2023 Defendants file opposition to Second Motion to Compel. On 11-8-2023 The Court entered an Order for Defendants to answer requests for Admission.

### STATEMENT OF FACTS

4. In 2010 Plaintiff was convicted of statutory sexual assault, unlawful contact with minor, interference with custody of a child, corruption of a minor, and falsely listed as guilty of involuntary deviate sexual intercourse by forcible compulsion. Complainant in criminal case is Plaintiff's wife.

5. Plaintiff was required to take sex-offender program which requires "acceptance-of-responsibility". Defendants are requiring

2.

Plaintiff to slander, demonize, and disavow his marriage in order to complete program. Plaintiff alleges that this is contrary to his religious tenets to hold his marriage sacred as he took a vow. Defendants have not provided Plaintiff with a religious accommodation to be able to complete program. Defendants have not provided a statement of compelling government interest and least-restrictive means specifically tailored to Plaintiff.

6. Defendants still have not provided Plaintiff with discovery request for pre-sentencing report and psychological reports created by staff.

## ARGUMENT

7. Fed. R. Civ. P. 26(b)(1) Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." <u>Robins v. Pa. D.O.C.</u>, 2015 U.S. Dist. Lexis 6143 *7. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b). The Third Circuit "employs a liberal discovery standard". <u>Westchester</u>

Fire Ins. Co. v. Household Int'l, Inc, 2006 U.S. App. Lexis 2375 * 11 (3rd Cir 2006).

8. This case is to be decided under the requirements of RLUIPA. This requires the Defendants to create a proposed religious accommadation specifically tailored to plaintiff's and his exact situation. The proposal should state the compelling government interest and the least restrictive means to accommodate Plaintiff's religious practices; this can not be a generic answer.

9. RLUIPA, like RFRA, contemplates a "more focused" inquiry and requires the Government to demonstrate that the compelling interest test is satisfied through application of the challenged law "to the person" — the particular claimant whose sincere exercise of religion is being substantially burdened. Holt v Hobbs, 190 LED 2D 747, 756, 135 SCT 853 (2015).

10. RLUIPA requires the Department not merely to explain why it denied the exemption but to prove that denying the exemption is the least restrictive means of furthering a compelling government interest. Id at 757.

11. "The least-restrictive-means standard is exceptionally demanding", and it requires the government to "show that it lacks other means

4.

of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting party"...."If a less restrictive means is available for the Government to achieve its goals, the Government must use it." Id at 758

12.   Plaintiff should have the right to challange correctness of source documents used to create any proposed accommodation. Defendants may be using false or incomplete information to make assessment. If Defendants make a statement of compelling government interest and least restrictive means using false information such statement will be faulty. Not allowing Plaintiff to inspect source information is denying him the opportunity to challange any assessment by Defendants.

13.   A party moving to compel discovery bears the initial burden of proving the relevance of the requested information...Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance

5.

that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure". Leaphart v Campbell, 2023 US Dist. Lexis 59441 *6 (M.D. Pa).

14. Pennsylvania and the Third Circuit, with few exceptions, have declined to recognize or apply a self critical analysis created by parties to prevent the discovery of confidential documents that are relevant to the full disclosure of facts in civil litigation. Palmer v York County, 2022 US Dist. Lexis 174164 *7-11. (M.D. Pa)

15. The Court may provide an in camera review of the documents Defendants claim are confidential and then provide Plaintiff with relevant discoverable evidence. See Cramer v. Bohinski, 2023 US Dist Lexis 129503 *11-12 (M.D. Pa.)

16. Plaintiff needs psychological assessments made by program staff. Any claim that disclosure would harm any relationship of trust between Plaintiff and staff is unfounded, as defendants refusal to provide such documents only proves to Plaintiff that program staff can never be trusted. Staff has made derogatory statements about Plaintiffs' marriage. Discovery of documents may show staff has a bias against Plaintiffs'

marriage which would make staff unable to provide any fair assessment to create a religious accommodation. Staff has made false statements to Plaintiff about the facts of his case and the law, which strongly leads Plaintiff to believe there is false information in his record, whether made by program staff or information that is sourced by program staff, that needs to be corrected.

17. Plaintiff needs a copy of his pre-sentencing report to check it for accuracy and to see if any assessment it contains may contradict assessments by staff. The law states Plaintiff has the right to view information in presentencing report.

18. Privileges which are not statutorily enacted, but rather are recognized by the common law, must yeild to the constitutional rights of a criminal defendant. ... The privilege of confidentiality accorded pre-sentence reports in Rule 1404 is not absolute. As stated supra, Commonwealth prosecutors, defense counsels, the sentencing judge, and appropriate correctional, probation, and or parole agencies may have access to a pre-sentence report. Pa. R. Crim. P. 1404, 42 Pa CSA. A pre-sentencing report, there-

7.

fore, does not enjoy the absolute privilege that would exist if the Commonwealth had indicated a compelling interest worthy of the protection of confidentiality paramount to the right of confrontation. <u>Com v Herrick</u>, 660 A2d 51, 61, 442 Pa Super. 412 (Pa Super 1995)

19. Pa. R. Crim. P. 703 (previosly 1404)

The standards provide: Presentence report: disclosure: parties

(a) Fundamental fairness to the defendant requires that the substance of all derogatory information which adversly affects his interests and which has not otherwise been disclosed in open court should be called to the attention of the defendant, his attorney, and others who are acting on his behalf.

(b) This principal should be implemented by requiring that the sentencing court permit the defendants attorney, or the defendant himself if he has no attorney, to inspect the report... <u>Com v. Kessinger</u>, 441 A2d 758 note 4 (Pa Super 1982).

20. Defendants should be required to provide Plaintiff with psychological assessments made by program staff and pre-sentencing report that will be used in the creation of a religious accommodation or creation of statement of compelling government interest and

8.

least restrictive means denying accommodation. If copies of documents can not be provided to Plaintiff, Plaintiff should still be allowed to view and inspect documents for inaccuracies with ample time to take notes, this will give Plaintiff an opportunity to inform Defendants of any deficiencies that need correction.

21. Defendants Salamon and Tice have informed Plaintiff they are not responsible for creating a religious accommodation for program. Plaintiff would like to be provided with the name of the person with this responsibility.

Wherefore Motion Should be Granted

Respectfully Submitted

12-21-23  *Johnathan Robins*

Johnathan Robins

I, Johnathan Robins, certify that the above statements are true and correct under penalty of perjury. 28 U.S.C. §1746

12-21-23  *Johnathan Robins*

Johnathan Robins

9.

## Certificate of Service

I certify that I am serving a copy of Motion to Compel upon person below by first class mail on this date:

Christine C. Emerson, Counsel for D.O.C. defendants
15th floor, Strawberry Square
Harrisburg, PA 17120

12-21-23          _____

Johnathan Robins
JP9849
Box A
Bellefonte, Pa 16823

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Johnathan Robins
   plaintiff

v

Wetzel, et. al.,    #3:21-CV-1474
   defendants

## ORDER

AND NOW, this ___ day of _____, 2023, upon consideration of Brief in Support of Motion to Compel Discovery to Allow Creation of Proposed Accommodation, it is hereby ORDERED that Defendants shall provide Plaintiff with either copies of staff assessments and pre-sentencing report that will be used to create accommodation or statement denying accommodation, or allow Plaintiff to inspect documents and take notes so he may check for inaccuracies; Motion is hereby GRANTED

_____
Honorable Malachy E. Mannion
U.S. District Judge