UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JONATHAN ROBINS,                :

      Plaintiff          :    CIVIL ACTION NO. 3:21-1474

v.                              :    (JUDGE MANNION)

SECRETARY JOHN WETZEL,          :
 *et al.*,
                                :
      Defendants

## MEMORANDUM

Pending before the court are the following motions: (1) the defendants' motion to dismiss the plaintiff's second amended complaint (Doc. 34); (2) the plaintiff's motion to compel discovery (Doc. 41); (3) the defendants' motion for an extension of time to respond to the plaintiff's motion to compel discovery (Doc. 45); and (4) the plaintiff's motion to compel discovery "to allow creation of proposed amendment" (Doc. 51).

By way of relevant background, on August 26, 2021, the plaintiff, an inmate confined at the Rockview State Correctional Institution, (SCI-Rockview), Bellefonte, Pennsylvania, filed the above-captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). In his original complaint, the plaintiff alleged violations of his rights to due process, equal protection and the free exercise of his religion. These alleged violations related to the

plaintiff's participation in a sex offender program at SCI-Rockview. The plaintiff alleged that the sex offender program, the completion of which is necessary to be considered eligible for parole, required him to falsely admit that he was guilty of a crime. While the plaintiff alleged that he was willing to admit that he engaged in the claimed sexual acts, he stated that he was unwilling to admit that he engaged in any illegal conduct because the acts occurred with his wife. The plaintiff's wife was a minor child at the time of the charged offenses. The plaintiff argued that any requirement that he admit guilt under the sex offender program violated his constitutional and statutory rights.

By memorandum and order dated December 9, 2021, the undersigned gave the plaintiff's complaint preliminary consideration under 28 U.S.C. §§1915A and 1915(c) and dismissed the action as legally frivolous. (Doc. 12). The plaintiff appealed that decision, and by an opinion filed September 28, 2022, the United States Court of Appeals for the Third Circuit affirmed this court's decision in part, vacated in part, and remanded for further proceedings. (Doc. 23). Specifically, the Third Circuit agreed that the plaintiff's equal protection and due process claims, as well as any claims

under the Fifth and Eighth Amendments were all properly dismissed.[1] The Third Circuit indicated, however, that the plaintiff also alleged that the admission-of-guilt requirement of the sex offender program violated his constitutional and statutory rights to the free exercise of religion. In this regard, the Third Circuit pointed out that the plaintiff alleged that marriage was a sacred tenant of his religion and that he could not admit the illegality of his sexual conduct, which he construed as denouncing his religious marital vows, without violating his religious beliefs. Although such allegations would be meritless under the First Amendment, the Third Circuit found that it had not had occasion to consider an acceptance-of-responsibility component of a sex offender treatment program in the context of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §2000cc-1, *et seq.*, or the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §2000bb-1, *et seq.* Given the lack of controlling precedent and this court's failure to consider the claim, the Third Circuit vacated the *sua sponte* dismissal and remanded the case for this court to consider the acceptance-

---

[1] The Third Circuit noted that the plaintiff also raised a claim of age discrimination which was not considered by this court, but that any age discrimination claim was also facially meritless.

of-responsibility component of the sex offender treatment program in the context of RLUIPA and RFRA, allowing for amendment of the complaint as deemed appropriate. (Doc. 23).

On October 21, 2022, the plaintiff filed an amended complaint (Doc. 19) which the court ordered stricken from the record (Doc. 22). The plaintiff was directed to file a second amended complaint limited to the impact of the plaintiff's acceptance of responsibility in the sex offender treatment program on his constitutional and statutory rights to the free exercise of religion. On February 24, 2023, the plaintiff filed his second amended complaint raising claims under RLUIPA, RFRA and the Pennsylvania Constitution.[2] (Doc. 24). In response, on April 28, 2023, the defendants filed the pending motion to dismiss the plaintiff's second amended complaint (Doc. 34) along with a brief in support thereof (Doc. 35). The plaintiff filed a brief in opposition to the defendants' motion to dismiss on May 30, 2023. (Doc. 38).

On June 20, 2023, the plaintiff filed a motion to compel discovery (Doc. 41) along with a supporting brief (Doc. 42). The defendants then requested

---

[2] The plaintiff also argues that he has a right to be seen by the parole board. This issue was previously ruled upon by the court and found properly dismissed by the Third Circuit. Therefore, the matter will not be addressed again herein.

an extension of time to respond to the motion to compel until after the court rules on their motion to dismiss the second amended complaint. (Doc. 45). On December 23, 2023, the plaintiff filed another motion to compel discovery "to allow creation of proposed accommodation" (Doc. 51) with a supporting brief (Doc. 52).

In his second amended complaint, the plaintiff alleges that he was convicted in the Philadelphia County Court of Common Pleas of various sexual offenses, including unlawful contact with a minor, statutory sexual assault, interference with the custody of a child, and corruption of a minor.[3] The plaintiff alleges that his wife was listed as the complainant in his criminal case.

After his conviction, while incarcerated at SCI-Rockview, the plaintiff was enrolled in the sex offender program. In fact, the plaintiff alleges that he was enrolled and released from the sex offender program on five (5)

---

[3] Although the plaintiff contends that he was not convicted on one charged count, involuntary deviate sexual intercourse by forcible compulsion, the plaintiff's state court docket reflects otherwise. In fact, the docket reflects that the plaintiff was sentenced to ten (10) to twenty (20) years of incarceration on this charge. *See Commonwealth v. Robins*, CP-51-CR-0003430-2009. This court may take judicial notice of the contents of another court's docket. *See Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 (3d Cir. 2014) (citations omitted).

separate occasions. Each time, the plaintiff alleges that he admitted to the sexual acts testified to at trial, but claimed they were not crimes because they were acts with his wife. The plaintiff alleges that marriage is a part of his recognition of his religion and has spiritual significance, and that to admit to the illegality of his conduct would be to disavow and slander a religious tenet of his marriage. The plaintiff states he "believe[s] in his [innocence] because of [the] religious tenets on his marriage and [he] refuse[s] to lie, make false statements[4], slander, demonize, or disavow the sanctity of his marriage." The plaintiff alleges that the Department of Corrections' application of the acceptance-of-responsibility component of the sex offender program infringes on his religious practices as it pertains to his marital religious tenets. Based on these allegations, the plaintiff generally alleges claims under RLUIPA, RFRA and the Pennsylvania Constitution.

---

[4] The plaintiff alleges that the law states that his actions were legal and, as a result, any statement by him to complete the program that they were illegal would be false and a lie. The plaintiff's claim that his actions were legal is belied by the state court record which demonstrates that he was convicted by a jury of numerous sexual offenses against a minor and that conviction was upheld on appeal and after post-conviction challenges. Whether the plaintiff is under some belief that his actions were legal does not equate to them having been legal under the law.

Initially, although the argument is not raised by the defendants, to the extent that the plaintiff alleges a claim pursuant to RFRA in his second amended complaint, RFRA was found to be unconstitutional as applied to the states. *City of Boerne v. Flores*, 521 U.S. 507 (1997). In response to that finding, Congress passed RLUIPA, which applies to states only in the areas of land use and incarceration. Thus, RFRA applies to the federal government, and RLUIPA applies to the states. Because the plaintiff is a state inmate bringing his claims against state officials, RFRA is inapplicable in this case and any claim under RFRA will be dismissed.

In considering the defendants' motion to dismiss the plaintiff's second amended complaint, the defendants argue that, to the extent that the plaintiff asserts claims against them in their official capacities, his complaint should be dismissed as being barred by the Eleventh Amendment. Upon review, the plaintiff names the defendants only in their official capacities and seeks only prospective injunctive relief.

RLUIPA does not authorize claims for monetary damages asserted against defendants in either their individual or official capacities, but does allow for injunctive relief against defendants acting in their official capacities. *See Banks v. Sec'y Pa. Dep't of Corr.*, 601 F. App'x 101, 103 (3d Cir. 2015)

(nonprecedential). Eleventh Amendment immunity shields state actors acting in their official capacity from an award of damages under RLUIPA. *See Sossamon v. Texas*, 563 U.S. 277, 285 (2011). Since the plaintiff is requesting only prospective injunctive relief, which is available to a successful RLUIPA plaintiff, the defendants' motion to dismiss will be denied on this basis.

Moreover, although monetary relief is barred for claims under the Pennsylvania Constitution, equitable remedies are available. *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 688 (3d Cir. 2011) (citing *Moeller v. Bradford County*, 444 F.Supp.2d 316, 320-21 (M.D.Pa. 2006) ("[I]t is well settled that individual plaintiffs may bring suit for injunctive relief under the Pennsylvania Constitution"); *Jones v. City of Phila.*, 890 A.2d 1188, 1216 (Pa. Commw. 2006) ("[O]ther remedies, such as declaratory or injunctive relief ... are ... remedies under the Pennsylvania Constitution.")). As such, the defendants' motion to dismiss will be denied on this basis as well.

The defendants next argue that the plaintiff has substantively failed to establish a violation of RLUIPA. "Congress passed RLUIPA to grant heightened protection to prisoners from burdens imposed by the

- 8 -

government." *Washington v. Klem*, 497 F.3d 272, 276 (3d Cir. 2007); *see also Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005) (explaining that RLUIPA "protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion"). To accomplish this protection, Section 3 of RLUIPA provides in pertinent part that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
>
> (1) is in furtherance of a compelling governmental interest;
>
> and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a). RLUIPA also has an "expansive[ ]" definition of "religious exercise," which includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Nunez v. Wolf*, 117 F.4th 137, 146 (3d Cir. 2024) (quoting 42 U.S.C. § 2000cc-5(7)(A)).

In addition, "Congress mandated that [RLUIPA] 'shall be construed in favor of a broad protection of religious exercise, to the maximum extent

permitted by ... the Constitution.'" *Holt v. Hobbs*, 574 U.S. 352, 358 (2015) (quoting 42 U.S.C. § 2000cc-3(c)). Overall,

> RLUIPA ... affords inmates even "greater protection" than that provided by the First Amendment. *Holt*[, 574 U.S. at 357]. Under the latter, a prison regulation that substantially burdens religious exercise is subject to intermediate scrutiny and thus must be "reasonably related to legitimate penological interests," *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); under RLUIPA, however, that regulation is subject to strict scrutiny, requiring the government to prove that it "is the least restrictive means of furthering [a] compelling governmental interest," 42 U.S.C. § 2000cc-1(a)(2).... [T]hat burden is a heavy one and carries unique implications in the prison context for both the interests recognized as compelling and the acceptable means to accomplish them.

*Nunez*, 117 F.4th at 146 (first and second alterations added).

"To state a plausible claim under RLUIPA, a [prisoner-]plaintiff must allege that the prison placed a 'substantial burden' on the plaintiff's sincerely held religious belief." *Lapp v. Nye*, 2024 WL 53017, at *7 (M.D. Pa. Jan. 4, 2024) (citing *Washington*, 497 F.3d at 277-78). A plaintiff can demonstrate that a substantial burden exists if:

> 1) a follower is forced to choose between following the precepts of [their] religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of [their] religion in order to receive a benefit; OR (2) the government puts substantial pressure on an adherent to substantially modify [their] behavior to violate [their] beliefs.

*Washington*, 497 F.3d at 280 (capitalization of "OR" in original) (footnote omitted). "If a prisoner-plaintiff establishes a substantial burden on a sincerely held religious belief, the burden shifts to the defendant to show that the policy or practice furthers a compelling government interest and is the least restrictive means of doing so." *Lapp*, 2024 WL 53017, at *7 (citing *Holt*, 574 U.S. at 361–62); *see also Holt*, 574 U.S. at 355 (explaining that RLUIPA "prohibits a state or local government from taking any action that substantially burdens the religious exercise of an institutionalized person unless the government demonstrates that the action constitutes the least restrictive means of furthering a compelling governmental interest").

Without addressing whether the plaintiff's religious rights were substantially burdened by the prison's acceptance-of-responsibility policy in relation to the sex offender program, the defendants immediately dive into whether there is a compelling governmental interest in requiring inmates to accept responsibility for their actions and admit to the illegality of those actions.[5] In doing so, the defendants rely heavily on *McKune v. Lile*, 536 U.S.

---

[5] Given the sparsity of facts before the court relating to the plaintiff's religion, the circumstances surrounding his relationship with the minor victim, and his arrest and conviction, there is some question as to whether the plaintiff can establish a substantial burden on his religious rights in this
*(footnote continued on next page)*

24 (2002). *McKune*, however, was a case addressing whether a sex offender program which required the offender to accept responsibility for the crime for which he was convicted violated the offender's Fifth Amendment right against self-incrimination. The standard applicable in *McKune* is different than the one applicable to the plaintiff's RLUIPA claim. While the defendants argue that the *McKune* Court ruled that requiring inmates to accept responsibility and admit to the illegality of their actions furthers a "compelling" governmental interest, the standard applicable here, the Court did no such thing. Instead, the Court found that the decision not to offer immunity to every participant in the sexual offender program served two "legitimate" state interests, a standard which is not applicable in this case. Thus, *McKune* is inapposite.

Relatedly, the defendants turn to the Third Circuit's decision in *Newman v. Beard*, 617 F.3d 775 (3d Cir. 2010), which cited to *McKune* in

---

particular case. Importantly, there is a question as to whether the plaintiff was, in fact, married to the minor at the time of the offenses and whether any marriage was valid given the plaintiff's own statements that the minor lied to him about her age when they met and got married. (Doc. 1). There's also a question as to whether there are any religious implications if the plaintiff's actions took place outside of the marriage or if the marriage is somehow invalid. Some of these facts are alluded to in the state court's decisions addressing the plaintiff's post-conviction challenge. However, the court is not entitled to consider those facts in relation to the pending motion to dismiss.

finding that "States ... have a vital interest in rehabilitating convicted sex offenders" and "acceptance of responsibility for past offenses" is a "critical first step" in a prison's rehabilitation program for such offenders. *Newman*, 617 F. 3d at 779-80 (citing *McKune*, 536 U.S. at 33). Defendants argue that this demonstrates that Pennsylvania has a "vital interest" in rehabilitating convicted sex offenders.

In considering the above, the defendants do nothing to address the standard applicable in this case. To this extent, the defendants do not address whether the acceptance-of-responsibility component of the sex offender treatment program furthers a compelling government interest and whether it is the least restrictive means of doing so. Given this, the court will deny the defendants' motion to dismiss the plaintiff's second amended complaint on this basis.

Finally, as to the plaintiff's second amended complaint, although the plaintiff alleges a claim under the Pennsylvania Constitution, the defendants do nothing to address this claim in their motion to dismiss. As such, that claim will be allowed to proceed as well.

Given the court's ruling on the defendants' motion to dismiss, the court turns then to the remaining motions. The plaintiff has filed a motion to compel

discovery. (Doc. 41). In his motion, the plaintiff indicates that he served discovery requests upon defendants seeking, among things, his pre-sentence report and psychological assessments, which the defendants have refused to provide. (Doc. 41). In response, the defendants filed a motion for an extension of time to respond to the plaintiff's motion to compel pending the court's ruling on their motion to dismiss (Doc. 45). The defendants request that they be given twenty-one (21) days from the date of the court's ruling on the motion to dismiss to file a response. The plaintiff then filed another motion to compel "to allow creation of proposed accommodation" in which he is continuing to seek his pre-sentence report and psychological assessments. (Doc. 51).

In light of the court's ruling on the defendants' motion to dismiss the second amended complaint, the defendants' motion for an extension of time will be granted. Any decision on the plaintiff's motions to compel will be held in abeyance pending the filing of a brief in opposition to the motions by defendants.

The Court will enter an appropriate Order.

_____
**MALACHY E. MANNION**
**United States District Judge**

Date: 3/21/25
21-1474-02