## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHNATHAN ROBINS,                              :
                              **Plaintiff**    :
                                               :      **No. 3:21-CV-1474**
          **v.**                               :
                                               :      **Judge Malachy E. Mannion**
**SECRETARY JOHN WETZEL,**                     :
**SUPERINTENDENT SALAMON,**                    :      **Electronically Filed Document**
**SUPERVISOR TICE,**                           :
**COORDINATOR DAMICO,**                        :      *Complaint Filed 08/26/21*
**SUPERVISOR DURST, PROGRAM**                  :
**COORDINATOR COLLINS** *and*                  :
**PROGRAM COORDINATOR ACE,**                   :
                          **Defendants**       :

## DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, Wetzel, Salamon, Tice, Damico, Durst, Collins, and Ace, through counsel, hereby file this Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint (Doc. 24), and avers as follows:

## I.    INTRO[1]

This paragraph contains conclusions of law to which no response is required; to the extent a response is required: DENIED.

## II.    PARTIES

1.    Admitted.

---

[1] Defendants utilize the organizational headings and paragraph numeration used by Plaintiff in the Complaint for the ease and convenience of the reader. Defendants do not admit any averments contained therein.

2.    Admitted in part, denied in part. It is admitted that Wetzel was the Secretary of the Pennsylvania Department of Corrections on February 24, 2023. As of March 25, 2025, Wetzel is no longer the Secretary of the Pennsylvania Department of Corrections.

3-5.    Admitted.

6.    Admitted in part, denied in part. It is admitted that Damico was a program coordinator at SCI-Rockview on February 24, 2023. As of March 25, 2025, Damico is a PSS at SCI-Huntingdon.

7-8.    Admitted.

## III. JURISDICTION AND VENUE

9-10.  These paragraphs contains conclusions of law to which no response is required; to the extent a response is required: DENIED.

## IV. FACTS

11.    Admitted in part, denied in part. It is admitted that Plaintiff and a minor were purportedly married in Missouri on January 16, 2008. In order to obtain their marriage license the minor presented a fake South Carolina driver's license which falsely stated that the minor was 23 years old. In reality, the minor was 15 years old at the time. *See* Court of Common Pleas, Criminal Trial Division pertaining to CP-51-CR-3430-2009 Opinion, attached hereto as Exhibit A, page 4. Therefore, it is denied that Plaintiff was validly married. In addition, Defendants do

2

not have sufficient information to verify whether marriage is a sacred tent of his religious practices, therefore it is denied.

12.    Admitted. By way of further response, Plaintiff was found guilty of the charges found within Count 2- Count 5 along with Involuntary Deviate Sexual Intercourse ("IDSI") pursuant to 18 Pa.C.S.A§ 3123(a)(7) although the verdict sheet indicated 18 Pa.C.S.A§ 3123(a)(1). *See* Exhibit A, pages 7-8.

13.    Denied as stated. At Plaintiff's criminal trial, the evidence showed that Plaintiff impregnated a fourteen year old child. When the child was eight months pregnant, Plaintiff announced he was taking her to Missouri the next day to get married. Plaintiff traveled to Missouri with the child, the child presented a fake South Carolina identification card which reflect her age as twenty-three, and allegedly the state of Missouri issued a sham marriage license. Plaintiff represented himself at the above-described criminal trial and his cross-examination was limited to relevant legal issues. The trial did not authorize Plaintiff to present evidence of his "marriage license" because it was obtained fraudulently and because it was irrelevant to whether or not Plaintiff had impregnated a fourteen year old child before obtaining the sham marriage license. *See* 2000 EDA 2010 Letter Brief, attached hereto as Exhibit C.

14.    Admitted.

15.    Denied.

16.     Admitted.

17.     Denied as stated. On November 2, 2021, Plaintiff removed himself from the sex offender treatment program. Plaintiff did so because he refused to accept that he had committed a crime because he believed the victim was his wife. Plaintiff refused to admit wrongdoing despite the evidence showing that he had impregnated a teenager prior to illegally obtaining a marriage license in Missouri. *See* Plaintiff's Correction Plan Evaluation, attached hereto as Exhibit D; *See also* Exhibit C.

18.     Denied as stated. Collins evaluated Plaintiff in the sex offender treatment program from March 10, 2022 until April 21, 2022. Dr. Durst did explain the expectation of the treatment program. Plaintiff refused to admit that he had committed a criminal offense when he had impregnated a teenager prior to illegally obtaining a marriage license in Missouri. *See* Exhibit C; *See also* Exhibit D.

19-20.     Denied as stated. Ace evaluated Plaintiff in the sex offender program but he did not encourage Plaintiff to disavow his marriage—a goal of the program is for the inmate to admit that he had committed a crime when he impregnated a 14-year-old and when she was eight months pregnant, they illegally obtained a marriage license in Missouri. This does not require Plaintiff to disavow his marriage vows when the illegal activity took place prior to the "marriage." *See* Exhibit C; *See also* Exhibit D.

4

21.     Denied. Plaintiff's actions were not legal—the law does not state that a 39 year-old male can impregnate a 14 year-old female.

22.     Denied.

## V. CLAIM

23-24.     These paragraphs contains conclusions of law to which no response is required; to the extent a response is required: DENIED. Upon further response, the Department of Correction's application of the "acceptance-of-responsibility" component of the sex offender program does not impact Plaintiff's religious practices as it pertains to his marital religious tenants because the crimes Plaintiff has been convicted of occurred prior to Plaintiff obtaining a fraudulent marriage license.

25-26.     Denied.

27.     Denied. Defendants do not have sufficient information to verify whether or not Plaintiff's "marriage" is part of his recognition of his religion. By way of further response, although Plaintiff's religious beliefs may require him not to lie nor give false witness about his "marriage", nor disavow or slander it, it is undisputed that Plaintiff impregnated a 14 year-old while he was 38 years-old, and such inmate relationships occurred months prior to Plaintiff obtaining his "marriage license."

28.     Denied.

5

29.    Admitted. Plaintiff sued Wetzel, Salamon, Durst, and Tice in their official capacity for policy making and supervisory role.

30.    Admitted Plaintiff sued Durst, Damico, Ace, and Collins in their official capacity for violation of Plaintiff's religious rights. *See* Robins' Correction Plan Evaluation History, attached hereto as Exhibit D.

## VI.    RELIEF REQUESTED

31.    Admitted that Plaintiff requests on injunction as relief.


WHEREFORE, Defendants respectfully requests that this Honorable Court enter judgment in their favor and against Plaintiff.


## AFFIRMATIVE DEFENSES

In addition to the responses provide above, Defendants assert the following affirmative defenses:

32.    The Complaint fails to state a claim upon which relief may be granted against Defendant.

33.    Defendants acted at all times with the good-faith belief that their conduct was lawful and is therefore immune from liability by virtue of qualified or other immunity.

34.     No act or failure to act on the part of Defendant violated any constitutional rights of Plaintiff.

35.     The Department of Corrections Sex Offender Program acceptance-of-responsibility component is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest.

36.     Plaintiff has failed to establish that the acceptance-of-responsibility component has a substantial burden on a sincerely held religious belief.

**Respectfully submitted,**

**DAVID W. SUNDAY, JR.**
**Attorney General**

By:   *s/ Christine C. Einerson*
**CHRISTINE C. EINERSON**
**Deputy Attorney General**
**Attorney ID 326729**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 783-1476**     **NICOLE R. DITOMO**
**Chief Deputy Attorney General**
**Civil Litigation Section**
**ceinerson@attorneygeneral.gov**

**Date:  April 4, 2025**     **Counsel for Defendants**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNATHAN ROBINS,** | : | |
| **Plaintiff** | : | |
| | : | **No. 3:21-CV-1474** |
| **v.** | : | |
| | : | **Judge Malachy E. Mannion** |
| **SECRETARY JOHN WETZEL,** | : | |
| **SUPERINTENDENT SALAMON,** | : | **Electronically Filed Document** |
| **SUPERVISOR TICE,** | : | |
| **COORDINATOR DAMICO,** | : | *Complaint Filed 08/26/21* |
| **SUPERVISOR DURST, PROGRAM** | : | |
| **COORDINATOR COLLINS** *and* | : | |
| **PROGRAM COORDINATOR ACE,** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Christine C. Einerson, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on April 4, 2025, I caused to be served a true and correct copy of the foregoing document titled Defendants' Answer with Affirmative Defenses to the following:

**VIA U.S. MAIL**

**Johnathan Robins, JP-9849**
**SCI Rockview**
**PO Box 33028**
**St. Petersburg, FL 33733**
*Pro Se Plaintiff*

 *s/ Christine C. Einerson*
**CHRISTINE C. EINERSON**
Deputy Attorney General

# EXHIBIT A

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**COURT OF COMMON PLEAS, CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA          :
                                      :    2047 EDA 2016
v.                                    :
                                      :    CP-51-CR-3430-2009
JONATHAN ROBINS                       :
                                      :



**FILED**

NOV 1 0 2016

Appeals/Post Trial
Office of Judicial Records

CP-51-CR-0003430-2009 Comm. v. Robins, Johnathan
Opinion



7524202921

**OPINION**

**FILED**

NOV 1 0 2016

Criminal Appeals Unit
First Judicial District of PA

## STATEMENT OF THE CASE

Defendant appeals the Court's dismissal of his Post-Conviction Relief Act (PCRA) petition for being without merit. Defendant's complaints have either been previously litigated or are without merit.

## PROCEDURAL HISTORY

On February 11, 2009, Defendant was arrested and charged with, inter alia; (1) Involuntary Deviate Sexual Intercourse (IDSI); (2) Unlawful Contact with a Minor; (3) Statutory Sexual Assault;;(4) Interference with Custody of Children, and (5) Corruption of Minors. At the conclusion of his jury trial on March 12, 2010, Defendant was found guilty on all charges. On June 29, 2010, Defendant was sentenced to an aggregate term of confinement in a state correctional facility of 12 to 30 years.

On July 15, 2010, Defendant timely appealed his conviction and sentence at 2000 EDA 2010. On August 5, 2011, the Pennsylvania Superior Court affirmed the Court's Judgement of Sentence. On August 31, 2011, Defendant filed Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which was denied on January 20, 2012.

On January 30, 2012, Defendant timely filed the instant *pro se* PCRA petition pursuant to 42 Pa.C.S.A. §9541 *et. seq.* On June 19, 2014, at the conclusion of a Grazier Hearing, the Court permitted Defendant to proceed with his PCRA petition *pro se*. On September 19, 2014, Defendant filed an Amended PCRA Petition, and then a subsequent addendum on July 27, 2015. On March 21, 2016, the Commonwealth filed a Motion to Dismiss Defendant's amended PCRA petition. On March 23, 2016, this Court gave notice of its intention to dismiss Defendant's PCRA petition as being without merit, pursuant to Pennsylvania Rule of Criminal Procedure Rule 907. On March 30, 2016, Defendant filed a Response to the Commonwealth's Motion to Dismiss. On April 27, 2016, the Court dismissed Defendant's PCRA petition without a hearing.

On May 10, 2016, Defendant filed this timely *pro-se* appeal to the Pennsylvania Superior Court. On July 14, 2016, this Court filed and served on Defendant an Order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing Defendant to file and serve a Statement of Errors Complained of on Appeal, within 21 days of the Court's Order. On July 21, 2016, Defendant timely filed a Statement of Matters Complained of on Appeal Pursuant to Rule 1925(b). In his Statement of Matters, ained of, Defendant raises 11 issues, namely:

    I.      "Trial court sentenced Appellant to a crime (18 Pa.C.S.A. §3123(a)(1)) that he was not found guilty of and found Appellant guilty of a crime he was not charged with §3123(a)(7).

    II.     Trial Court did not merge lesser-included offenses at sentencing.

2

III.   The mandatory minimums appellant was sentenced to is [sic] now unconstitutional."

IV.   "Trial Court refused to admit marriage license and laws into evidence.
V.    Trial Court refused to allow Appellant to put forward affirmative marriage defense.
VI.   Trial Court refused to instruct jury on marriage defense.
VII.  Trial Court made prejudicial statements about Appellant's marriage to Complaintant [sic] and other testimonial evidence appellant was trying to present for motive and defense."

VIII. "The cumulative effect of Trial Court errors deprived Appellant of a fair trial.
IX.   Trial Court violated Appellant's Due Process Rights by imposing registration requirements upon Appellant when he was not assessed to be a predator, and such determination should have been made by jury.
X.    Appellant Counsel was ineffective during sentencing and on appeal for not putting forward above issues.
XI.   Trial Court violated Appellant's *pro se* rights on appeal by keeping counsel on PCRA, not allowing Appellant to attend PCRA hearings, and by the Court filing defense motions."

## WAIVER

A PCRA court has jurisdiction to review a complaint when "the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. §9543(a)(3). "An issue is previously litigated if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *Commonwealth v. Keaton*, 45 A.3d 1050, 1060 (Pa. 2012) *internal quotations omitted.*

Defendant's fourth through seventh statements of error complain of Court's evidentiary rulings at trial relating to his marriage defense. These complaints are outside of the jurisdiction of PCRA review as they have been previously litigated. Furthermore, in ruling on Defendant's marriage defense, the Pennsylvania Superior Court previously held his marriage defense is "irrelevant because appellant committed the criminal conduct with the minor victim prior to the alleged marriage in Missouri." *Commonwealth v.*

3

*Robins*, 2000 EDA 2010 (Pa. Super. 2011) (memorandum at 8). Thus, the Court will not address these complaints.


## BRIEF SUMMARY OF EVIDENCE AT TRIAL

At Defendant's jury trial, the complaining witness (E.J.) testified that she met Defendant via a telephonic chat line in early January of 2007 when she was only 14 years old. (N.T., 3/11/10 pg. 40, 49)  Defendant was aware of E.J.'s age, and though he was initially reluctant to tell her his age, he eventually revealed to her that he was 39 years old. (N.T., 3/11/2010 pg. 52-53)  When E.J. was still only 14 years of age, she and Defendant began engaging in sexual intercourse, both vaginally and orally.  This resulted in Defendant impregnating E.J. on Mother's Day of 2007 (N.T., 3/11/2010 pg. 64, 66, 68, 71-73)

On January 15, 2008, Defendant took E.J., who was pregnant with his child, to St. Louis, Missouri to get married.  (N.T., 3/11/2010 pg. 80)  In applying for their Missouri marriage license, E.J. used a fake South Carolina driver's license, procured by Defendant, which falsely stated that she was 23 years old, when she was actually just 15 years of age. (N.T., 3/11/2010 pg. 84)  Defendant and E.J. were purportedly married in Missouri on January 16, 2008.[1]

## DISCUSSION OF THE ISSUES RAISED

### I.    DEFENDANT WAS PROPERLY CONVICTED UNDER 18 Pa.C.S.A. §3123(a)(7)

Defendant, in his first statement of errors, essentially complains that he was illegally convicted of a crime for which he was not charged.  That is, he complains that he

---

[1] Defendant submits a copy of the marriage license, obtained in Clayton, Missouri, dated January 16, 2008.

4

was convicted on the charge of IDSI with a victim "who is less than 16 years of age" by a person "four or more years older than the complainant and the complainant and the person are not married to each other" pursuant to 18 Pa.C.S.A. §3123(a)(7), when he was in fact charged on the Bills of Information with IDSI by forcible compulsion, pursuant to 18 Pa.C.S.A. §3123(a)(1). Defendant's complaint is without merit.

"[F]undamental procedural due process in our system of jurisprudence embodies the bedrock principle that each participant in the adjudicative process be given adequate notice and the opportunity to be heard." *Commonwealth v. Parks*, 768 A.2d 1168, 1172 (Pa. Super. 2001). Bills of Information serve "to advise the accused of the allegations and the crimes charged, to give sufficient notice to allow the opportunity to prepare a defense, and to define the issues for trial." *Commonwealth v. Shamberger*, 788 A.2d 408, 419-420 (Pa. Super 2001) *internal quotations omitted;* citing *Commonwealth v. Kisner*, 736 A.2d 672, 674 (Pa. Super. 1999). A variance between the Bills of Information and the evidence offered at trial is found to be "harmless error unless a defendant could be misled at trial, prejudicially surprised in efforts to prepare a defense, precluded from anticipating the prosecution's proof, or otherwise impaired with respect to a substantial right." *Commonwealth v. Lohr*, 468 A.2d 1375, 1377 (Pa. 1983) citing *Commonwealth v. Kelly*, 409 A.2d 21 (Pa. 1979). *Lohr* further held that "[a]bsent an initial determination of variance, we do not reach the inquiry set forth in *Kelly, supra*, regarding the possibility of prejudice to the accused." *Supra* at 1378.

As noted above, Defendant is essentially complaining that he suffered a violation of his due process rights because he was not given sufficient notice that he was being charged with IDSI pursuant to 18 Pa.C.S.A. §3123(a)(7) when he was in fact charged on

5

the Bills of Information with IDSI pursuant to 18 Pa.C.S.A. §3123(a)(1). Because each

charge requires different elements of proof, Defendant complains that he was convicted of

a crime he was not charged with and requests a new trial. As discussed below, this claim

is without merit.

Defendant did have notice of the charges being brought against him. Count one of

the Bills of Information formally charge Defendant with IDSI by Forcible Compulsion,

pursuant to 18 Pa.C.S.A. §3123(a)(1). In describing the underlying criminal conduct in

count one, the Commonwealth provided:

> "[o]n diverse dates between 2007 and 2008, [Defendant] engaged in deviate
> sexual intercourse with a complainant:
> (1)By forcible compulsion
> (2)By threat of forcible compulsion that would prevent resistance by
> a person of reasonable resolution; or
> (3) Who was less than 16 years of age and the actor was four or more
> years older than the complainant and the complainant and the person
> were not married to each other."

In short, Defendant was given sufficient notice as count one encompasses

allegations under both 18 Pa.C.S.A. §3123(a)(1) and (a)(7). Thus, Defendant was put on

notice that the Commonwealth would be prosecuting Defendant under both 18 Pa.C.S.A.

§3123(a)(1) and §3123 (a)(7).

Pursuant to Pennsylvania Rule of Criminal Procedure Rule 564, a "court may allow

an information to be amended when there is a defect in form, the description of the

offense(s), the description of any person or property, or the date charged, provided the

information as amended does not charge an additional or different offense." "[I]f there is

no showing of prejudice, amendment of an information to add an additional charge is

6

proper even on the day of trial." ***Commonwealth v. Picchianti***, 600 A.2d 597, 599 (Pa. Super. 1991).

Not only was Defendant given sufficient notice by the Bills of Information prior to trial, but the Commonwealth also properly orally amended the Bills of Information. Prior to arraignment, the Commonwealth orally amended the Bills of Information when it advised the Court it was proceeding only under 18 Pa.C.S.A. §3123(a)(7) with respect to count one. (N.T., 3/11/2010 pg. 6-7) Defendant then engaged the Court in lengthy discussion of his proposed mistake of age defense, which would only be a defense to a charge pursuant to 18 Pa.C.S.A. §3123(a)(7) and not §3123(a)(1). (N.T., 3/11/2010 pg. 9-13). It is clear that Defendant was not only aware of the specific charge against him, but also that he had, in fact, prepared his defense for trial, and so proceeded to present both a mistake of age defense and a marriage defense against the charge of IDSI with a victim who was less than 16 years of age.

In its charge to the jury, the Court instructed the jury, without objection, on the IDSI charge, pursuant only to 18 Pa.C.S.A. §3123(a)(7). The Court said:

> "[V]oluntariness has nothing to do with this crime in this case because this is all based on age. And if she were older, then the defendant would be committing this crime only if he forced her to do things that she did not want to do, that she resisted. We'd have to get into the meaning of all of that. None of that applies…
> A person commits involuntary deviate sexual intercourse when that person engages in deviate sexual intercourse with a child who is over twelve but under sixteen. Children under twelve, that's a different crime. This crime is involuntary deviate sexual intercourse. So the first question is, is the victim between the ages of twelve and sixteen? And the defendant is four or more years older."

(N.T. 3/12/2010 pg. 134-135) After deliberation, the jury returned a verdict of guilty for IDSI in accordance with the Court's instructions. Thus, it is clear that the jury found

7

Defendant guilty of IDSI pursuant to 18 Pa.C.S.A. §3123(a)(7) although the verdict sheet indicates §3123(a)(1).

A clerical error is "an omission or a statement in the record or an order shown to be inconsistent with what in fact occurred in a case, and thus, subject to repair." *Commonwealth v. Borrin*, 80 A.3d 1219, 1227. A PCRA Court has the authority to correct a clerical error. *Commonwealth v. Young*, 695 A.2d 414, 420 (Pa. Super. 1997) (holding "the PCRA court should have corrected the clerical error of counsel and the trial court which permitted the judgment of sentence to indicate that appellee had been sentenced on" the wrong subsection of indecent assault).

As noted, the Sentencing Order indicates for count one that Defendant was found guilty of IDSI pursuant to 18 Pa.C.S.A. §3123(a)(1). This was a clerical error that did not accurately reflect the oral amendment made by the Commonwealth to the Bills of Information. At every stage in the process, it was clear what subsection Defendant was being charged with and convicted of. Thus, the Sentencing Order is subject to amendment, and pursuant to *Young*, *supra*, is so amended to reflect that Defendant was convicted of and sentenced for violating 18 Pa.C.S.A. §3123(a)(7).

## II.  DEFENDANT'S CONVICTION ON THE CHARGES OF STATUTORY SEXUAL ASSAULT AND IDSI WERE NOT SUBJECT TO MERGER AT SENTENCING.

In his second statement of errors, Defendant vaguely complains that his sentence was not proper because the Court failed to merge "lesser included offenses." As Defendant's complaint is inherently vague, the Court assumes he is complaining that his

8

convictions on the charges of IDSI and Statutory Sexual Assault are the charges he is referring to. This complaint is without merit.

"No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S.A. §9765. "If the offenses stem from two different criminal acts, merger analysis is not required." ***Commonwealth v. Gatling***, 807 A.2d 890, 899 (Pa. 2002). When a defendant is being charged for multiple instances of sexual misconduct, he is "susceptible to separate punishments." ***Commonwealth v. Hitchcock***, 565 A.2d 1159, 1161 (Pa. 1989).

The record clearly reflects that Defendant was charged and convicted for multiple instances of sexual misconduct, relying on separate and distinct facts, occurring over a period of months. The record reflects that for a number of months between 2007 and 2008, Defendant and E.J. engaged in both vaginal and oral sexual intercourse. Thus, Defendant's charges of IDSI and Statutory Sexual Assault are not subject to a merger analysis.

## III.    DEFENDANT'S SENTENCE WAS CONSTITUTIONAL.

In his third statement of errors, Defendant simply complains that his mandatory minimum sentence, imposed pursuant to 42 Pa.C.S.A. §9718, is unconstitutional. This complaint is without merit.

Defendant complains that because of precedent set in ***Alleyne v. United States***, 133 S.Ct. 2151 (2013) his mandatory minimum sentence imposed pursuant to 42 Pa.C.S.A. §9718 is unconstitutional. ***Alleyne*** held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable

9

doubt." *Alleyne,* 133 S.Ct. at 2155  Our Supreme Court held that *Alleyne* rendered the mandatory minimum sentences imposed by §9718 unconstitutional. ***Commonwealth v. Wolfe,*** 40 A.3d 651 (Pa. 2016).  Since Defendant's sentence was imposed prior to *Alleyne,* the issue before the Court is whether or not *Alleyne* is to be applied retroactively to his sentence.

*Alleyne* has been held to only "be applied to cases pending on direct appeal when [it] was issued." ***Commonwealth v. Riggle,*** 119 A.3d 1058, 1064 (Pa. Super. 2015) citing ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014); ***Commonwealth v. Watley,*** 81 A.3d 108, 118 (Pa. Super. 2013).  As discussed above, Defendant's direct appeal was decided on January 20, 2012, when the Pennsylvania Supreme Court denied *allocatur* and became final 90 days after, in April of 2012. *Alleyne*, however, was not decided until June of 2013, over a year later.  Thus, *Alleyne* is not given full retroactive treatment, and Defendant cannot rely upon it for relief.

Not only is Defendant not entitled to relief under *Alleyne* for having his direct appeal decided prior to *Alleyne*, but also *Alleyne* has been held to not be retroactive to a PCRA setting. It is well settled that "a new rule of law... will not be applied to any case on collateral review unless that decision was handed down during the pendency of appellant's direct appeal..." ***Commonwealth v. Gillespie***, 516 A.2d 1180, 1183 (Pa. 1986). A new rule can still receive retroactive application in a collateral review "if (1) the rule is substantive or (2) the rule is a 'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." ***Riggle***, *supra*, at 1065 citing ***Whorton v. Bockting***, 127 S.Ct. 1173 (2007).  A rule is substantive when "it alters the range of conduct or the class of persons that the law punishes." ***Commonwealth v.***

10

*Hughes*, 856 A.2d 761 780 (Pa. 2004) *internal quotations omitted*; citing *Schriro v. Summerlin*, 124 S.Ct. 2519, 2523 (2004). A "rule is considered watershed if it is necessary to prevent an impermissibly large risk of an inaccurate conviction and alters the understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Riggle, supra* at 1066. "*Alleyne*... is not substantive. Nor does *Alleyne* constitute a watershed procedural rule." *Id.* at 1067. Thus, "*Alleyne* is not entitled to retroactive effect in this PCRA setting." *Id.*

Defendant is not entitled to relief under *Alleyne* as *Alleyne* was decided after his direct appeal had become final, and it has been specifically held to not be retroactive in a PCRA setting. Thus, Defendant's third complaint is without merit.

## IV.    DEFENDANT IS REQUIRED TO REGISTER AS A SEXUAL OFFENDER.

In his ninth statement of errors, Defendant misstates the record in complaining that because he was not found to be a sexually violent predator (N.T., 6/29/2010 pg. 18), he was improperly required to register as a sexual offender under the Sexual Offender Registration and Notification Act (SORNA). This complaint is without merit.

A sexual offender is defined as anyone who is "required to register" by SORNA with the Statewide Registry of Sexual Offenders. 42 Pa.C.S.A. §9799.12. Registration requirements are intended to be "civil and remedial rather than punitive." *Commonwealth v. Williams*, 832 A.2d 962, 972 (Pa. 2003). "Section 9799.14 of SORNA establishes a three-tiered system of specifically enumerated offenses requiring registration for sexual offenders for differing lengths of time." *Commonwealth v. McDonough*, 96 A.3d 1067,

1070 (Pa. Super. 2014). Of the crimes Defendant has been convicted of, Interference with Custody of Children, Unlawful Contact with a Minor, Statutory Sexual Assault, and IDSI all have registration requirements regardless of whether a defendant was found to be a sexually violent predator. 42 Pa.C.S.A. §9799.14.

Because of Defendant's several convictions for crimes enumerated in SORNA, he was subject to the registration provisions of SORNA. This registration requirement is independent of sentencing, as it is a remedial, civil measure, rather than a punitive one and is not subject to review by a PCRA court.

## V.    DEFENDANT'S APPELLATE COUNSEL WAS EFFECTIVE.

In his tenth statement of errors, Defendant essentially argues that his appellate counsel was ineffective for failing to raise the above issues. This complaint is without merit.

"It is well-settled… that a PCRA petitioner cannot obtain a review of claims that were previously litigated by presenting new theories of relief, including allegations of ineffectiveness." *Commonwealth v. Jones*, 811 A.2d 994, 1000 (Pa. 2002). Thus, Defendant cannot now prevail by complaining of any ineffective assistance of counsel as it relates to his fourth through seventh complaints related to his marriage defense, as they are not subject to PCRA review.

As to his remaining complaints, "[t]he law presumes that counsel has rendered effective assistance." *Commonwealth v. Harris*, 852 A.2d 1168, 1173 (Pa. 2004) citing *Commonwealth v. Balodis*, 747 A.2d 341, 343 (Pa. 2000). "[T]o succeed on an ineffectiveness claim, a petitioner must demonstrate that: the underlying claim is of

arguable merit; counsel had no reasonable basis for the act or omission in question; and he suffered prejudice as a result" *Commonwealth v. Laird*, 119 A.3d 972, 978 (Pa. 2015); *see also Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987) (establishing these three elements to be the standard in Pennsylvania).  Prejudice will be found where there is a "reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." *Laird, supra.*  "Failure to prove any prong of this test will defeat an ineffectiveness claim." *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014).

As discussed above, Defendant's remaining complaints are without merit.  "Failure to raise a meritless issue is not ineffective assistance of counsel." *Commonwealth v. McBee*, 520 A.2d 10, 14 (Pa. 1986).  Thus, counsel was not ineffective for failing to raise these meritless claims.  Only Defendant's eighth complaint will be discussed below, and it is without merit.

Defendant's eighth statement of errors, that he was denied a fair trial due to the cumulative effect of the errors at trial, is also without merit, both as a standalone issue and as it relates to the ineffective assistance of appellate counsel complaint as it has been determined that Defendant suffered no prejudice at trial.  "[A]n appellant who claims cumulative prejudice must still set forth some specific, reasoned, and supported argument for the claim." *Commonwealth v. Watkins*, 108 A.3d 692, 735 (Pa. 2014).  Defendant provides no such argument.  Additionally, as discussed, none of Defendant's statements of errosr have been found to be meritorious.  Thus, there was no rational basis for appellate counsel to make such an argument on appeal.

## VI.    DEFENDANT'S APPELLATE *PRO SE* RIGHTS WERE NOT VIOLATED.

In his eleventh statement of errors, Defendant complains that his *pro se* rights were violated "by keeping counsel on PCRA, not allowing Appellant to attend PCRA hearings, and by the Court filing defense motions." Defendant's complaint that the Court erred "by filing defense motions" will not be addressed by the Court as is at best frivolous, nonsensical and wholly unsupported on the record. Defendant's complaint is without merit.

On April 24, 2012, Raymond Biley, Esq., was appointed to represent Defendant as PCRA counsel. On May 23, 2012, Defendant filed a "Petition to Have Counsel Removed and for Appellant to Proceed Pro Se." As noted above, at the conclusion of his Grazier Hearing on June 19, 2014, Defendant was permitted to proceed with this PCRA petition *pro se* without the assistance of counsel. Furthermore, Defendant has failed to meet his burden of establishing how he was prejudiced by the appointment of counsel, as it is quite clear from the record that he pursued his PCRA petition without the assistance or advice of counsel.

"A PCRA petitioner is not entitled to an evidentiary hearing as a matter of right, but only where the petition presents genuine issues of material fact." ***Commonwealth v. Keaton***, 45 A.3d 1050, 1094 (Pa. 2012) citing Pa.R.Crim.P. 909(B)(2); ***Harris***, *supra* at 1180. "[T]he PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose

14

would be served by any further proceedings." ***Commonwealth v. Sneed***, 45 A.3d 1096, 1105 (Pa. 2012) *quoting* Pa.R.Crim.P. 909(B)(2) *internal quotations omitted.*

Defendant's bald allegations are wholly unsupported by the record. Prior to issuing its Rule 907 notice of its intent to dismiss, the Court carefully reviewed the record and found, as discussed above, that Defendant's PCRA petition raised no meritorious complaints.    As discussed in ***Keaton***, *supra*, Defendant was not entitled to a hearing with regards to his PCRA petition. Thus, this complaint is without merit.

## **CONCLUSION**

The Court finds that Defendant's complaints are either outside the jurisdiction of PCRA review as they have been previously litigated, or they are without merit.

BY THE COURT:

November 10, 2016

_____, J.
HON. CHARLES J. CUNNINGHAM, III

15

# EXHIBIT B

File Copy

| Commonwealth of Pennsylvania | IN THE COURT OF COMMON PLEAS OF |
| v. | PHILADELPHIA COUNTY, PENNSYLVANIA |
| Johnathan Robins | |

CRIMINAL DIVISION

DOCKET NO: CP-51-CR-0003430-2009
PID: 0699119

## Sentencing Order

AND NOW, this 29th day of June, 2010, the defendant having been convicted by way of Jury

Trial on 3/12/10 in the above-captioned case is hereby sentenced by this Court as follows:

**Count 1** - 18 §3123 §§A1 - IDSI Forcible Compulsion -(F1)
To be confined for a Period of 10 to 20 years at _a State facility_ .

**Count 2** - 18 §6318 §§A1 - Unlawful Contact With Minor - Sexual Offenses -(F1)
To be confined for a Minimum Term of 1 year and a Maximum Term of 5 years at _a State facility_ .
This sentence is to be served consecutive to:
  CP-51-CR-0003430-2009 Ct # 1 Confinement

**Count 3** - 18 §3122.1 - Statutory Sexual Assault -(F2)
To be confined for a Minimum Term of 1 year and a Maximum Term of 5 years at _a State facility_ .
This sentence is to be served consecutive to:
  CP-51-CR-0003430-2009 Ct # 2 Confinement

**Count 4** - 18 §2904 §§A - Interference W/Custody Of Children -(F3)

A determination of guilty without further penalty.

**Count 5** - 18 §6301 §§A1 - Corruption Of Minors -(M1)

A determination of guilty without further penalty.

The defendant shall pay the following:

| | Fines | Costs | Restitution | Crime Victim's Compensation Fund - Victim / Witness Services Fund | Total Due |
|---|---|---|---|---|---|
| Amount: | $0.00 | $492.50 | $0.00 | $60.00 | $552.50 |
| Balance Due: | $0.00 | $482.50 | $0.00 | $60.00 | $542.50 |

ADA: Stackow/ Atty: T. McGill, Jr./ Steno: M. DeFeo/ Clk------------ (901)

USED FOR SENTENCE CERTIFICATION

AOPC 2066 REV. 06/29/2010

# EXHIBIT C



**DISTRICT ATTORNEY'S OFFICE**
THREE SOUTH PENN SQUARE
PHILADELPHIA, PENNSYLVANIA 19107-3499
215-686-8000

R. SETH WILLIAMS
District Attorney

May 10, 2011

FILED IN
SUPERIOR COURT

MAY 1 0 2011

EASTERN DISTRICT

Karen Reid Bramblett, Esquire
Prothonotary, Superior Court of Pennsylvania
530 Walnut Street
3rd Floor - Suite 315
Philadelphia, Pa. 19106

> Re:  **Letter Brief**
> **Commonwealth v. Jonathan Robins**
> **No. 2000 EDA 2010**

Dear Ms. Bramblett:

Knowing her age, defendant repeatedly had sexual intercourse with a fourteen-year-old girl over a period of months, resulting in her impregnation and the birth of a child. A jury before the Honorable Charles J. Cunningham III convicted him of involuntary deviate sexual assault, statutory sexual assault, corruption of minors, interference with the custody of a child and unlawful contact with a minor (CP-51-CR-0003430-2009). On appeal, defendant claims that the evidence was insufficient to sustain his convictions, that the trial court improperly restricted his cross-examination and presentation of evidence, and that the court abused its discretion in declining to instruct the jury on the marriage laws of Missouri and Pennsylvania. Defendant is due no relief.

1

## FACTS AND PROCEDURAL HISTORY

In December 2006, when E.J., the victim, was a seventh grader and defendant was a thirty-nine year old man, they spoke on a telephone chat line. The victim told defendant her age, fourteen, and asked him if that would be a problem for him. Defendant told her "no," that all "women" should be treated the same. He refused to tell her his age. He instructed her to write down all the questions she had for him to answer when they met. Defendant took the victim to a restaurant shortly after Christmas and reluctantly told her his age. About a week later, defendant took the victim to have her hair done and then to his house at 8th and Cambria Streets in Philadelphia. In the ensuing weeks, defendant took the victim shopping several times for school clothes. Defendant and the victim began spending weekends together (N.T. 3/11/10, 40, 49-56, 61, 64, 98-99, 103-04, 151).

One day in March 2007, defendant touched the victim's breasts in his bedroom. When the victim, who was shaking, said she was scared, defendant told her that being scared was necessary. With the lights off, the victim undressed and slid quickly under the sheets. Defendant then had vaginal intercourse with her. The next morning, he gave her bus fare and she returned home to get ready to start the school week (N.T. 3/11/10, 64-68).

Defendant had sexual intercourse with the victim in both April and May 2007. One day, defendant put his mouth on the victim's genitals and had her put his penis in her mouth. One night, the victim awakened with pain in her vagina. Defendant told her he had put his fingers in her vagina and anus. Defendant impregnated the victim on Mother's Day, 2007. When she experienced morning sickness some time

afterward, he told her she probably was not pregnant and that it would pass. Thereafter, the victim's feet began swelling. In approximately October 2007, the victim learned that she was nineteen weeks pregnant and went to live with defendant (N.T. 3/11/10, 70-76).

Defendant and the victim agreed that they would not tell his family or friends her age. When she became pregnant, he told her that the difference in their ages would create difficulty for them (N.T. 3/11/10, 106-07, 114).

On January 15, 2008, when the victim was eight months pregnant, defendant announced that he was taking her to Missouri the next day to get married, having conducted internet research to find a State where they allegedly could marry. The victim asked defendant why they shouldn't wait until she was sixteen or eighteen, which she preferred. Defendant said that getting married would stop her mother from "ruling things" and getting between what they were "trying to do." The next day, they flew to Missouri where the victim presented a fake South Carolina identification card giving her age as twenty-three. Months before, defendant had taken her to a Center City check cashing store to get the fake ID (N.T. 3/11/10, 79-87, 156-57).

The victim gave birth to defendant's son, whom he named after himself, on February 20, 2008, when she was fifteen. After the birth, the victim moved back to her mother's house for a few months. She then lived with defendant until her son was five or six months old, when she moved back to live with her mother after disputes with defendant. For several months, defendant took care of the child while she attended school (N.T. 3/11/10, 40-43, 88-89, 99).

In February 2009, the victim dropped out of ninth grade. She now works at two different McDonalds. On February 11, 2009, the victim wanted to get her son back from defendant, with whom he had been for two days. When he would not answer her calls, she borrowed money from her mother to take public transportation to his house. He was not home. When defendant finally returned with her son, the victim saw that his clothes were too small and that he had bumps all over his face. When defendant refused to return the boy, she called the police. Philadelphia Police Officer Brian Mort and his partner arrived. They determined that the child was born when the victim was fifteen and defendant was forty-one. Defendant was then arrested (N.T. 3/11/10, 44-48, 90-95, 221-31).

The victim's mother testified that she never gave defendant permission to live with her daughter, to take her out of Pennsylvania or to purport to marry her. She did not meet defendant until after her grandson was born (N.T. 3/11/10, 175, 181).

At trial, defendant represented himself, with instant counsel serving as standby. He presented the testimony of an employee of the Delaware County Department of Public Welfare concerning the victim's mother's receipt of benefits for her grandson, and Tyra Felder's testimony that the victim once told her she was eighteen. He also offered his own testimony, and admitted that he had oral and vaginal sex with the victim, but claimed that she had told him she was nineteen and did not learn her real age until shortly before she gave birth. He also admitted, however, that he had sexual relations with her after he knew she was fifteen (N.T. 3/11/10, 241-60; 3/12/10, 8-10, 15-48, 54-57).

4

On March 12, 2010, the jury convicted defendant of involuntary deviate sexual intercourse, statutory sexual assault, corrupting the morals of a minor, unlawful conduct with a minor, and interference with the custody of a child. On June 29, 2010, the court sentenced defendant to a mandatory term of ten to twenty years imprisonment for involuntary deviate sexual intercourse and consecutive one to five year terms of imprisonment for statutory sexual assault and unlawful contact with a minor. Defendant received no further penalty for his other two crimes. This appeal followed.[1]

## COUNTER-STATEMENT OF THE QUESTIONS INVOLVED

1. Was the evidence sufficient to sustain defendant's convictions?

(Answered in the affirmative by the court below).

2. Did the trial court abuse its discretion by limiting cross-examination of the victim and presentation of testimony on the irrelevant issue of how defendant treated his child and putative wife?

(Answered in the negative by the court below).

3.    Did the trial court abuse its discretion in declining to instruct the jury on the irrelevant issue of the marriage laws of Pennsylvania and Missouri?

(Answered in the negative by the court below).

_____

[1] In contravention of Pa.R.A.P. 2117(b), defendant includes argument in his statement of the case (Brief for Appellant at 10-11).

**ARGUMENT**

**I.    SUFFICIENT EVIDENCE SUSTAINED DEFENDANT'S CONVICTIONS.**

Defendant claims that the evidence was insufficient to sustain his convictions
for involuntary deviate sexual intercourse, statutory sexual assault, corruption of
minors, unlawful contact with a minor and interference with child custody because
"the totality of the victim's testimony established that he was intentionally misled
concerning [the victim's] age," and because he allegedly believed that he had legally
married the fifteen year old victim in Missouri during the eighth month of her
pregnancy (Brief for Appellant at 14-26).   No relief is due on defendant's meritless
sufficiency claims.

In evaluating the sufficiency of evidence, a reviewing court views the evidence
in the light most favorable to the Commonwealth as verdict-winner.   It accepts as true
all the evidence, direct and circumstantial, and all reasonable inferences arising
therefrom upon which the finder of fact could properly have based its verdict, and
determines whether the evidence and inferences are sufficient to support the
challenged conviction.   Commonwealth v. Perez, 931 A.2d 703, 706-07 (Pa. Super.
2007); Commonwealth v. Donnelly, 653 A.2d 35, 36 (Pa. Super. 1995).   The
uncorroborated testimony of a victim of sexual assault alone, if believed, is sufficient to
sustain a defendant's convictions.   Commonwealth v. Castlehun, 889 A.2d 1228, 1232
(Pa. Super. 2005); Commonwealth v. Bishop, 742 A.2d 178, 189 (Pa. Super. 1989)
(same); Commonwealth v. Trimble, 615 A.2d 48, 50 (Pa. Super. 1992) (same).

A defendant commits the offense of involuntary deviate sexual intercourse
where he engages in sexual intercourse per os or per anus with a victim less than

6

sixteen years of age, is four or more years older than the victim, and they are not married to each other. 18 Pa.C.S.A. §§3101, 3123(a)(7). A defendant commits statutory sexual assault where he engages in sexual intercourse with a person less than sixteen years of age, is four or more years older than the victim, and they are not married to each other. 18 Pa.C.S.A. §3122.1. A defendant is guilty of corruption of minors where, being eighteen years or older, he by any acts corrupts or tends to corrupt the morals of any minor less than eighteen years old or aids, abets, entices or encourages any such minor in the commission of any crime. 18 Pa.C.S.A. §6301(a)(1)(i). A defendant has unlawful contact with a minor where he is intentionally in contact with a minor for the purpose of engaging in an unlawful act, including any sexual offense, and either the defendant or the minor are in Pennsylvania. 18 Pa.C.S.A. §6318(a)(1). Finally, a defendant interferes with custody of children where he knowingly or recklessly takes or entices any child under the age of eighteen from the custody of her parent without privilege to do so. 18 Pa.C.S.A. §2904(a).

The evidence here was plainly sufficient to sustain defendant's guilt of the five crimes of which he was convicted. The victim testified that she had oral sexual intercourse with defendant in March 2007, when she was fourteen and he was thirty-nine, nearly one year before their alleged marriage in Missouri. Defendant himself admitted that they had oral sex around this time (N.T. 3/12/10, 54-55). The evidence therefore established that at the time of the oral sex, the victim was less than sixteen years of age, defendant was more than four years older and they were not married to each other. 18 Pa.C.S.A. §3123; Commonwealth v. Castlehun, 889 A.2d at 1232 (victim's testimony that she had oral sexual intercourse with defendant when she was

7

twelve and thirteen and not married to appellant sufficient to sustain his involuntary deviate sexual intercourse conviction).

Similar evidence sustained defendant's conviction of statutory sexual assault. Both the victim and defendant testified that they had vaginal intercourse in March 2007, when the victim was fourteen and defendant was thirty-nine and they were not married to each other. 18 Pa.C.S.A. §3122.1; Commonwealth v. Castlehun, 889 A.2d at 1234 (evidence sufficient to sustain defendant's conviction of statutory sexual assault where he was more than four years old than the victim, they had sexual intercourse, the victim was under sixteen and they were not married to each other). See Commonwealth v. Duffy, 832 A.2d 1132 (Pa. Super. 2003) (consent is not a defense to statutory sexual assault). The same evidence of oral and vaginal sexual intercourse between defendant and the victim was sufficient to sustain defendant's corruption of a minor conviction, 18 Pa. C.S.A. §6301(a)(1); Commonwealth v. Castlehun, supra (evidence of sexual relations with underage girl clearly sufficient to prove guilt of corruption of minor); Commonwealth v. Poindexter, 646 A.2d 1211, 1215-16 (Pa. Super. 1994) (same).

Finally, the testimony of the victim and her mother that defendant took the victim on trips to New Jersey, Florida and Missouri, that he lived with her and had sex with her while they shared a house, and that he did not have her mother's permission to do those things was sufficient to sustain his conviction for interfering with custody of children. 18 Pa. C.S.A. §2904(a).

Defendant claims that the "totality of the [victim's] testimony established that [he] was intentionally misled concerning [the victim's] age" (Brief for Appellant at 20),

and attempts to avail himself of a mistake of age defense under 18 Pa.C.S.A. §304 and 18 Pa.C.S.A. §3102. These attempts are unavailing.

Defendant's claim that the victim intentionally misled him concerning her age depends on his presentation of facts in the light most favorable to himself, including, inter alia, his assertion that the victim told him she was of age, participated in a marriage ceremony and obtained identification indicating that she was of age (Brief for Appellant at 20-21). Defendant may not advance a sufficiency claim that views the facts in the light most favorable to him. See Commonwealth v. Tharp, 830 A.2d 519, 527 (Pa. 2003) (in reviewing sufficiency of the evidence, appellate court must accept evidence in light most favorable to the Commonwealth); Commonwealth v. Madison, 462 A.2d 228, 231 (Pa. 1983) (sufficiency challenge accepts the credibility and reliability of all evidence, direct and circumstantial, viewed in the light most favorable to the Commonwealth, and all reasonable inferences arising therefrom, while maintaining that it still failed to establish one or more elements of the crimes charged); Commonwealth v. Perez, supra, 931 A.2d at 706 (same). See also Commonwealth v. Diggs, 949 A.2d 873, 878-79 (Pa. 2008) (rejecting sufficiency claim that relied on evidence presented in light most favorable to appellant). The victim's testimony and her mother's testimony clearly established the elements of the crime. Defendant's contrary view of the facts cannot defeat the sufficiency of that evidence.

Defendant's reliance on 18 Pa.C.S.A. §304, Ignorance or Mistake, and Commonwealth v. Namack, 663 A.2d 191 (Pa. Super. 1995), does not avail him

either, even as to those of his crimes for which mistake of age would be a defense.[2] To prevail on this defense, a defendant must show ignorance or mistake as to a matter of fact for which there is a reasonable explanation or excuse.  18 Pa.C.S.A. §304; Commonwealth v. Namack, 663 A.2d at 194-95 (citation omitted) (mistake of fact must be based on a bona fide and reasonable belief in the existence of fact which would render an act innocent).   Here, the victim testified that she told defendant that she was fourteen and that he helped her procure a fake ID card. Accordingly, he did not have a bona fide and reasonable belief that the victim was of age.  Compare Commonwealth v. Namack, 663 A.2d at 194 (even in the light most favorable to Commonwealth, facts did not establish that the appellant knew he was trespassing and not privileged to be on victim's property).  Similarly, defendant may not avail himself of 18 Pa.C.S.A. §3102, mistake as to age, because that statute requires the defendant to prove by a preponderance of the evidence that he reasonably believed the child to be above the critical age.  Here, even before they met, the victim told him she was fourteen years old.   Moreover, defendant manifested his knowledge of the victim's age by taking her to get a false identification and, further, vainly attempted to negate the fact that he had been having sex with an underage girl by flying her to Missouri for a bogus marriage license using the fake ID he procured for her.  Thus, he did not reasonably believe her to be of age.  Defendant's related argument that he was laboring under a mistake of law because he believed that he had married the victim in Missouri in January 2008 is irrelevant; the victim's testimony and his own established that they

---

[2] Mistake of age is not a defense to corruption of minors where the minor is under sixteen years old.  18 Pa.C.S.A. §6301(d)(1).

had oral and vaginal intercourse in Philadelphia in March 2007, almost a year before the alleged marriage.[3]   Finally, defendant's arguments that he and the underage victim were "involved in a relationship," and that there was no evidence that he was "not a good husband and parent," (Brief for Appellant at 24-26), are irrelevant; they neither negate his criminal conduct nor convert his unreasonable belief into a reasonable one.[4]  No relief is due.

## II.    THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN LIMITING DEFENDANT'S CROSS-EXAMINATION OF THE VICTIM AND PRESENTATION OF EVIDENCE ON THE IRRELEVANT ISSUE OF WHETHER HE WAS A GOOD FATHER AND PUTATIVE HUSBAND.

Defendant claims that the trial court abused its discretion by allegedly limiting his cross-examination of the victim and presentation of testimony that he was a good father and putative husband, because that evidence was allegedly relevant to show that he reasonably believed the victim was of age to marry and bear a child (Brief for Appellant at 27-30).  This nonsensical claim merits no relief.

The scope and manner of cross-examination are within the trial court's sound discretion and will not be overturned absent a clear abuse of discretion or an error of law. Commonwealth v. Rivera, 983 A.2d 1211, 1230 (Pa. 2009); Commonwealth v. Davis, 2011 WL 664745 at *3 (Pa. Super., filed February 23, 2011).   Cross-

---

[3] In any event, defendant did not prove by a preponderance of the evidence that he reasonably believed the Missouri marriage valid.

[4] There is similarly no legal support for his wholly fanciful assertion that "[a]ctions taken in furtherance of a relationship may not be criminalized where the parties eventually marry" (Brief for Appellant at 25).  Even assuming, arguendo, that there had been a legal marriage in 2008, no law provides that a prior sexual abuse of a child is excused by later events of any kind.  Purportedly marrying the pregnant fifteen-year-old victim did not invest defendant with immunity for his sexual abuse of her in 2007.

examination is restricted to relevant matters; there is no right to cross-examine on matters irrelevant to the issues in the case. Commonwealth v. Briggs, 12 A.3d 291, 332 (Pa. 2011). See Commonwealth v. Wilson, 672 A.2d 293, 300 (Pa. 1996) (a trial court properly exercises its discretion when it excludes cross-examination on irrelevant matters); Commonwealth v. Dowling, 778 A.2d 683, 687 (Pa. Super. 2001) (same).

Similarly, the admission of evidence is committed to the trial court's sound discretion and will not be reversed absent a showing that the trial court clearly abused that discretion. Commonwealth v. Flor, 998 A.2d 606, 623 (Pa. 2010); Commonwealth v. Mollett, 5 A.3d 291, 304 (Pa. Super. 2010); Commonwealth v. Weakley, 972 A.2d 1182, 1188 (Pa. Super. 2009). Evidence is not relevant unless it tends to establish a material fact, make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding a material fact. Commonwealth v. Kennedy, 959 A.2d 916, 923 (Pa. 2008); Commonwealth v. Stallworth, 781 A.2d 110, 117 (Pa. 2001).

Defendant claims that the trial court abused its discretion by restricting his questioning of the victim about whether he was a good father and "husband." He claims that such evidence was admissible to "rebut[] any notion that he was in a sham relationship and showed that he did not seek to take advantage of [the victim] because of her age, but instead, his intentions were good and [sic] sought to have a real relationship as a loving husband and father" (Brief for Appellant at 30).

Defendant's alleged good conduct as a father or a "husband" to the seventh grader with whom he had repeated vaginal and oral intercourse and impregnated is

irrelevant to his guilt of the charged crimes. None of those crimes is subject to a defense that consists of having sex with a child as part of a "real" relationship or having good or honorable intentions.[5] Nor does the way defendant conducted himself with the victim and his child prove or tend to prove that he was misled as to the victim's age. Such questioning was, therefore, irrelevant. Commonwealth v. Briggs, supra; Commonwealth v. Wilson, supra; Commonwealth v. Dowling, supra.

The trial court permitted relevant cross-examination of the victim: questions focusing on how and when she told defendant her age, which were relevant to whether he reasonably believed her of age. The court gave defendant considerable latitude to cross-examine the victim concerning the irrelevant areas of her desire for commitment, the care he took of her during her pregnancy, and his change of employment to increase his income to better provide for them (N.T. 3/11/10, 102, 114-15, 118-19). Only then did the court ask what the relevance of defendant's questions was (N.T. 3/11/10, 122). Even thereafter, when defendant continued to pursue irrelevant areas of inquiry such as his purchase of cell phones for their communication and his caring for the child while she attended school (N.T. 3/11/10, 124-25, 127), the court did not preclude his questioning, but instead insisted, properly, that he ask relevant questions (N.T. 3/11/10, 128). The court did not abuse its discretion in limiting cross-examination of the victim to legally relevant matters. Commonwealth v. Rivera, supra; Commonwealth v. Davis, supra.

-------------------

[5] As the court explained, defendant was charged with five crimes relating to having sex with a fourteen (and later fifteen) year old girl. His only available defense was a reasonable mistake as to the victim's age (although, as noted above, even this defense is not applicable to the charge of corrupting the morals of a minor under sixteen) (N.T. 3/11/10, 128).

For similar reasons, the trial court did not err when it interrupted defendant's attempt to introduce into evidence a letter from a Philadelphia Department of Public Health employee that defendant had attempted to seek medical attention for his son from the time of his birth (N.T. 3/12/10, 38-40). That defendant was allegedly an attentive father neither proved nor tended to prove that he made a reasonable mistake concerning the age of the seventh grader with whom he had a lengthy sexual relationship and whom he impregnated before her fifteenth birthday. It was, accordingly, irrelevant and inadmissible. Commonwealth v. Kennedy, supra; Commonwealth v. Stallworth, supra. The court did not abuse its discretion in precluding it. Commonwealth v. Flor, supra; Commonwealth v. Mollett, supra; Commonwealth v. Weakly, supra.

## III.    THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DECLINING TO INSTRUCT THE JURY CONCERNING THE MARRIAGE LAWS OF PENNSYLVANIA AND MISSOURI.

Finally, defendant claims that the trial court abused its discretion in declining to charge the jury on the marriage laws of Missouri and Pennsylvania because his alleged belief that he legally married the victim in Missouri purportedly showed his state of mind relating to the victim and her age (Brief for Appellant at 31-34). Defendant's claim is devoid of merit.

When presented with a claim that the trial court failed to give a jury charge, an appellate court assesses whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. Commonwealth v. Derby, 678 A.2d 784, 786 (Pa. Super. 1996). If a requested charge is inapplicable and improper, the court should not charge on it.

Commonwealth v. Mays, 675 A.2d 724, 729 (Pa. Super. 1996). See Commonwealth v. Bohonyi, 900 A.2d 877, 883 (Pa. Super. 2006) (trial court need not instruct on legal principles that have no applicability to the presented facts).

It is uncontroverted that defendant had oral and vaginal sexual intercourse with the victim beginning in March 2007, ten months before he flew her to Missouri in January 2008, where she presented a fake South Carolina ID in an attempt to obtain a marriage license. Even were it legal for fifteen year olds to marry in Missouri – and defendant presented no evidence that it is – and even if Missouri might have recognized as valid the marriage of a fifteen year old who used a fake identity card – and defendant presented no evidence that it would – defendant's assertion that the trial court abused its discretion in declining to instruct the jury on Missouri and Pennsylvania marriage law would fail. By his own admission, in March 2007 and thereafter – ten months before the alleged marriage – defendant committed the acts that constituted the crimes of involuntary deviate sexual intercourse, statutory sexual assault, corruption of minors, interference with custody and unlawful contact with a minor. Because the requested instruction would have been irrelevant to defendant's guilt, the trial court did not abuse its discretion in declining to give it. Commonwealth v. Bohonyi, supra; Commonwealth v. Mays, supra; Commonwealth v. Derby, supra.

Defendant argues that he and the victim believed they had been married in Missouri and that his "intentions were honorable" (Brief for Appellant at 32-33). Even if true, neither of these assertions would demonstrate the legal insufficiency of the evidence supporting his convictions; what defendant did ten months after he committed the instant crimes is irrelevant to his guilt, as is his allegedly "honorable"

intent.  Defendant further argues that some of the crimes he was convicted of provide a defense where the parties engaged in the sexual relationship are married (Brief for Appellant at 33).  As noted, however, defendant admitted that he had oral and vaginal sex with the fourteen year old victim prior to impregnating her, ten months before the alleged marriage.  Accordingly, the alleged subsequent marriage would provide no defense to the crimes defendant had already committed.[6]  Further, as the trial court noted, there is no evidence of record that defendant and the victim were actually married, much less that the state of Missouri would recognize that marriage given the age of the parties and the victim's use of false identification, that Pennsylvania would recognize that marriage and, more important, that a subsequent marriage would negate defendant's commission of prior sexual crimes against the victim.  No relief is due.

---

[6] Moreover, defendant's own testimony disproves his assertion that he "reasonably believed that he was married at the time that he had a relationship with [the victim]" (Brief for Appellant at 33), given his admission that he had sexual relations with her ten months before.

## CONCLUSION

For all of the foregoing reasons and the reasons set forth in the lower court's opinion, the Commonwealth respectfully requests that this Court affirm the judgment of sentence of the trial court.

Respectfully submitted,

ANTHONY V. POMERANZ
Assistant District Attorney

HUGH J. BURNS, JR.
Chief, Appeals Unit

cc:  Honorable Charles J. Cunningham, III
     Thomas L. McGill, Jr., Esquire

## TABLE OF CASES AND AUTHORITIES

Pennsylvania Cases

Commonwealth v. Bishop, 742 A.2d 178 (Pa. Super. 1989) ................................. 6

Commonwealth v. Bohonyi, 900 A.2d 877 (Pa. Super. 2006) ............................ 15

Commonwealth v. Briggs, 12 A.3d 291 (Pa. 2011) ...................................... 12, 13

Commonwealth v. Castlehun, 889 A.2d 1228 (Pa. Super. 2005) ................. 6, 7, 8

Commonwealth v. Davis, 2011 WL 664745 at *3 (Pa. Super., filed February 23,

2011) ......................................................................................... 11, 13

Commonwealth v. Derby, 678 A.2d 784 (Pa. Super. 1996) ........................ 14, 15

Commonwealth v. Diggs, 949 A.2d 873 (Pa. 2008) ............................................. 9

Commonwealth v. Donnelly, 653 A.2d 35 (Pa. Super. 1995) ........................... 6, 9

Commonwealth v. Dowling, 778 A.2d 683 (Pa. Super. 2001) ...................... 12, 13

Commonwealth v. Duffy, 832 A.2d 1132 (Pa. Super. 2003) ................................ 8

Commonwealth v. Flor, 998 A.2d 606 (Pa. 2010) ........................................ 12, 14

Commonwealth v. Kennedy, 959 A.2d 916 (Pa. 2008) ................................. 12, 14

Commonwealth v. Madison, 462 A.2d 228 (Pa. 1983) ........................................ 9

Commonwealth v. Mays, 675 A.2d 724 (Pa. Super. 1996) ................................ 15

Commonwealth v. Mollett, 5 A.3d 291 (Pa. Super. 2010) ............................ 12, 14

Commonwealth v. Namack, 663 A.2d 191 (Pa. Super. 1995) ............................ 10

Commonwealth v. Perez, 931 A.2d 703 (Pa. Super. 2007) .............................. 6, 9

Commonwealth v. Poindexter, 646 A.2d 1211 (Pa. Super. 1994) ....................... 8

Commonwealth v. Rivera, 983 A.2d 1211 (Pa. 2009) ................................... 11, 13

Commonwealth v. Stallworth, 781 A.2d 110 (Pa. 2001) ............................... 12, 14

## **TABLE OF CASES AND AUTHORITIES** (cont.)

Commonwealth v. Stutler, 966 A.2d 594 (Pa. Super. 2009)................................. 12

Commonwealth v. Tharp, 830 A.2d 519 (Pa. 2003) ............................................. 9

Commonwealth v. Trimble, 615 A.2d 48 (Pa. Super. 1992) ................................. 6

Commonwealth v. Weakley, 972 A.2d 1182 (Pa. Super. 2009) ......................... 12

Commonwealth v. Wilson, 672 A.2d 293 (Pa. 1996).................................... 12, 13

Pennsylvania Statutes

18 Pa.C.S.A. §304......................................................................................... 9, 10

18 Pa.C.S.A. §2904...................................................................................... 7, 8

18 Pa.C.S.A. §§3101........................................................................................ 7

18 Pa.C.S.A. §3102....................................................................................... 9, 10

18 Pa.C.S.A. §3122.1.................................................................................... 7, 8

18 Pa.C.S.A. §3123......................................................................................... 7

18 Pa.C.S.A. §6301.................................................................................. 7, 8, 10

18 Pa.C.S.A. §6318......................................................................................... 7

Pennsylvana Rules

Pa.R.A.P. 2117(b) ........................................................................................... 5

```
                                              ┌──────────────────────┐
                                              │       FILED IN        │
                                              │    SUPERIOR COURT     │
                    IN THE                    │    MAY 1 0 2011       │
       SUPERIOR COURT OF PENNSYLVANIA         │                      │
              EASTERN DISTRICT                │   EASTERN DISTRICT    │
                                              └──────────────────────┘
```

COMMONWEALTH OF PENNSYLVANIA        :                No. 2000


                        v.                  :

JONATHAN ROBINS                             :                EDA 2010


### PROOF OF SERVICE

I hereby certify that I am on this day serving the attached document upon the person(s) and in the manner indicated below which service satisfies the requirements of Pa.R.A.P. 121:

**SERVICE BY FIRST CLASS MAIL ADDRESSED AS FOLLOWS:**

Thomas McGill, Jr., Esquire
Second Floor – Two Penn Center
Philadelphia, Pa 19102


Date:  May 10, 2011


ANTHONY V. POMERANZ
Attorney Identification No. 54425
3 South Penn Square
Philadelphia, Pa. 19107-3499
Office of the District Attorney
of Philadelphia County
(215) 686-5763

# EXHIBIT D

**Pennsylvania Department of Corrections**

**Correctional Plan - Evaluation**

03/27/2025 03:50:16PM

| | |
|---|---|
| **INMATE NAME :** ROBINS, JOHNATHAN | **INMATE # :** JP9849  **Location :** H-A-1010 |

**Facility :** ROC    **Program Name :** Sex Offender Program Low    **Start Dt:** 10/18/2022 **End Dt:** 11/01/2022

**Number of Program Sessions:** 52    **Facilitator :** Ace    **Evaluated By:** Ace

**Number of Sessions Attended :** 2    **Modified By :**    **Date :** 11/01/2022

**Length of Sessions :** 1.50 Hrs    **Status :** Failed

## Participation :

Unsatisfactory  (Completes <= 79% of all journals/homeworks/skill training)

## Knowledge Acquired :

Unsatisfactory  (Demonstrates acquired knowledge of <= 79% of group objectives)

## AfterCare Recommended :

## Reason For Failure to Complete the Program:

Disruptive

## Reason For Discharge Prior to Completion :

## Comments :

IM was removed from SOP on 11/1/2022 dur to minimizing and denial about his offense.   IM was placed on a 60-day notice 10/25 and made no improvements.

**Pennsylvania Department of Corrections**

03/27/2025 03:50:16PM

**Correctional Plan - Evaluation**

| | | | | | |
|---|---|---|---|---|---|
| **INMATE NAME :** ROBINS, JOHNATHAN | | **INMATE # :** JP9849 | | **Location :** H-A-1010 | |

**Facility :** ROC    **Program Name :** Sex Offender Program Low    **Start Dt:** 10/20/2021    **End Dt:** 11/02/2021

**Number of Program Sessions:** 52    **Facilitator :** Ace    **Evaluated By:** Ace

**Number of Sessions Attended :** 2    **Modified By :**    **Date :** 11/02/2021

**Length of Sessions :** 1.50 Hrs    **Status :** Failed

## Participation :

Unsatisfactory  (Completes <= 79% of all journals/homeworks/skill training)

## Knowledge Acquired :

Unsatisfactory  (Demonstrates acquired knowledge of <= 79% of group objectives)

## AfterCare Recommended :

Yes (Group Counseling)

## Reason For Failure to Complete the Program:

Self Removal

## Reason For Discharge Prior to Completion :

## Comments :

IM was a self-removal due to his own self beliefs of his offense and how he did not commit a crime as he reports that his victim was legally his wife.  He takes no ownership and does not see anything wrong with leaving the state with a minor without parent consent and marrying his victim without parental consent.

cc : Inmate
    DC-14(CP tab)
    Facility Parole Office
    (With ICSA Document)

Page 2 of 7

**Pennsylvania Department of Corrections**

03/27/2025 03:50:16PM     **Correctional Plan - Evaluation**

---

**INMATE NAME :**  ROBINS, JOHNATHAN              **INMATE # :**  JP9849     **Location :**  H-A-1010

**Facility :**  ROC     **Program Name :**  Batterers Group              **Start Dt:**  10/09/2020   **End Dt:**  12/15/2020

**Number of Program Sessions:**   24     **Facilitator :**  Brown              **Evaluated By:**  Brown

**Number of Sessions Attended :**   21     **Modified By :**              **Date :**  12/15/2020

**Length of Sessions :**   1.50 Hrs     **Status :**  Completed

---

## Participation :

Satisfactory  (Completes >= 80% of all journals/homeworks/skill training)

## Knowledge Acquired :

Satisfactory  (Demonstrates acquired knowledge of >= 80% of group objectives)

## AfterCare Recommended :

Yes (Group Counseling)

## Reason For Failure to Complete the Program:

## Reason For Discharge Prior to Completion :

## Comments :

Mr. Robins has met the requirements for Batterers Intervention and is being provided a completion for the course. He was discharged from a prior Batterers Group and immediately reenrolled in the current group to satisfy Covid-19 procedure. He had maintained reasonable attendance until classroom meetings were suspended; again, due to the Covid-19 concerns. Since such time he has made effort to complete all in cell assignments as requested. He appears to have improved upon his understanding of the presented course materials. However, further programming is recommended providing appropriate support and an opportunity to continue developing healthier coping skills.

---

**Pennsylvania Department of Corrections**

03/27/2025 03:50:16PM                    **Correctional Plan - Evaluation**

---

**INMATE NAME :**  ROBINS, JOHNATHAN          **INMATE # :**  JP9849    **Location :**  H-A-1010

**Facility :**  ROC      **Program Name :**  Sex Offender Program Low      **Start Dt:**  03/10/2022  **End Dt:**  04/21/2022

**Number of Program Sessions:**  52      **Facilitator :**  Collins      **Evaluated By:**  Collins

**Number of Sessions Attended :**  5      **Modified By :**                    **Date :**  04/21/2022

**Length of Sessions :**  1.50 Hrs      **Status :**  Failed

---

## Participation :

Unsatisfactory  (Completes <= 79% of all journals/homeworks/skill training)

## Knowledge Acquired :

Unsatisfactory  (Demonstrates acquired knowledge of <= 79% of group objectives)

## AfterCare Recommended :


## Reason For Failure to Complete the Program:

Failure To Complete Required Assignments

## Reason For Discharge Prior to Completion :


## Comments :

Mr. Robins began SOP Low Intensity group on 3/10/2022. On 3/17, he was given a 60-day notice due to his adamant denial of the offense and his insistence of innocence. The LPM, Dr. Durst, was present on 3/17 and explained in detail the expectations and purpose of SOP group. On 3/31, Mr. Robins denied having committed the offense while reviewing his homework assignment. On 4/21, he again adamantly denied having committed the offense. His homework responses that day consisted of disagreement with the material rather than answering the questions and taking responsibility for his offense. The group facilitator, Ms. Collins, reiterated the expectations of group. The Acting SOP Coordinator, Ms. Ace, was present during this portion of the group as well. Mr. Robins continued to minimize parts of his offense and to outright deny other parts. He does not believe that he committed a crime. Mr. Robins was informed on 4/21 that he would be removed from SOP Low Intensity group.

---

**Pennsylvania Department of Corrections**

**Correctional Plan - Evaluation**

03/27/2025 03:50:16PM

---

**INMATE NAME :** ROBINS, JOHNATHAN                    **INMATE # :** JP9849      **Location :**   H-A-1010

**Facility :**  ROC      **Program Name :**   Sex Offender Program Low      **Start Dt:**  03/31/2021   **End Dt:**   05/27/2021

**Number of Program Sessions:**   52      **Facilitator :**  Damico          **Evaluated By:**  Damico

**Number of Sessions Attended :**   2      **Modified By :**                    **Date :**   05/27/2021

**Length of Sessions :**   1.50 Hrs      **Status :**   Failed

---

## Participation :

Satisfactory  (Completes >= 80% of all journals/homeworks/skill training)

## Knowledge Acquired :

Unsatisfactory  (Demonstrates acquired knowledge of <= 79% of group objectives)

## AfterCare Recommended :

Yes (Group Counseling)

## Reason For Failure to Complete the Program:

Failure To Complete Required Assignments

## Reason For Discharge Prior to Completion :

## Comments :

Mr.Robins failed to fail instructions in order to complete assignments as required. Inmate will be placed back on the waiting list for the nexr SOP group.

---

**Pennsylvania Department of Corrections**

03/27/2025 03:50:16PM

**Correctional Plan - Evaluation**

---

**INMATE NAME :**  ROBINS, JOHNATHAN                    **INMATE # :**  JP9849      **Location :**   H-A-1010

**Facility :**  ROC        **Program Name :**   Sex Offender Program Low      **Start Dt :**  10/19/2020  **End Dt :**   10/18/2021

**Number of Program Sessions:**    52        **Facilitator :**  Miller        **Evaluated By:**  Miller

**Number of Sessions Attended :**    1        **Modified By :**               **Date :**   10/18/2021

**Length of Sessions :**    1.00 Hrs        **Status :**   Failed

---

## Participation :

Unsatisfactory  (Completes <= 79% of all journals/homeworks/skill training)

## Knowledge Acquired :

Unsatisfactory  (Demonstrates acquired knowledge of <= 79% of group objectives)

## AfterCare Recommended :

No

## Reason For Failure to Complete the Program:

Failure To Complete Required Assignments

## Reason For Discharge Prior to Completion :

## Comments :

Mr. Robins does not accept responsibility for his offense and maintains his innocence.

---

**Pennsylvania Department of Corrections**

03/27/2025 03:50:16PM    **Correctional Plan - Evaluation**

---

**INMATE NAME :**  ROBINS, JOHNATHAN          **INMATE # :**  JP9849    **Location :**   H-A-1010

**Facility :**  SMI     **Program Name :**   Violence Prevention Low Intensity  **Start Dt:**  12/08/2010  **End Dt:**   01/12/2011

**Number of Program Sessions:**   12     **Facilitator :**  Zimmerman    **Evaluated By:**  Zimmerman

**Number of Sessions Attended :**   12    **Modified By :**                **Date :**   01/12/2011

**Length of Sessions :**    1.50 Hrs    **Status :**   Completed

---

## Participation :

Satisfactory  (Completes >= 80% of all journals/homeworks/skill training)

## Knowledge Acquired :

Satisfactory  (Demonstrates acquired knowledge of >= 80% of group objectives)

## AfterCare Recommended :

Yes (Group Counseling)

## Reason For Failure to Complete the Program:


## Reason For Discharge Prior to Completion :


## Comments :

Didn''t feel that the group was for him but he did meet the group requirements and expectations. Group counseling recommended to help him deal with stressors and challenges associated with re-entry to society.

---