# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHNATHAN ROBINS,** : | |
| **Plaintiff** : | |
| : | No. 3:21-CV-1474 |
| **v.** : | |
| : | Judge Mannion |
| **SECRETARY JOHN WETZEL,** : | |
| **SUPERINTENDENT SALAMON,** : | Electronically Filed Document |
| **SUPERVISOR TICE,** : | |
| **COORDINATOR DAMICO,** : | *Complaint Filed 08/26/21* |
| **SUPERVISOR DURST,** : | |
| **PROGRAM COORDINATOR** : | |
| **COLLINS** *and* **PROGRAM** : | |
| **COORDINATOR ACE,** | |
| **Defendants** : | |

## BRIEF IN OPPOSITION TO PLAINTIFF'S
## SECOND MOTION TO COMPEL

Defendants Secretary John Wetzel, Superintendent Salamon, Supervisor Durst, Supervisor Tice, Program Coordinator Ace, Coordinator Damico, and Program Coordinator Collins (collectively, "Defendants"), by and through their undersigned counsel, hereby submit this Brief in Opposition to Plaintiff's Motions to Compel (Doc. 41 and Doc. 51).

For a decade Plaintiff has tried to obtain his pre-sentence investigative report. Every attempt has been denied. Inmates are only allowed to access their sentencing data, but not the broader information in a criminal docket sheet such as a pre-sentence investigation report. Plaintiff's motion should be denied now as well.

## RELEVANT PROCEDURAL HISTORY

On March 21, 2025, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint was denied. (Doc. 55). This Honorable Court's Memorandum addressed both the Defendants' Motion to Dismiss (Doc. 34) and Plaintiff's pending Motions to Compel (Docs. 41 and 51). Pertaining to Plaintiff's Motions to Compel-- Plaintiff seeks his pre-sentence investigative report and psychological assessments. Defendants now respond to Plaintiff's Motions to Compel.

## STATEMENT OF FACTS ALLEGED

In 2009, Robins was convicted of statutory sexual assault, unlawful contact with a minor, interference with custody of a child, corruption of a minor, and involuntary deviate sexual intercourse by forcible compulsion[1]. (Doc. 24 ¶ 12). While serving his sentence at SCI-Rockview, Robins enrolled in the sex offender program. (Doc. 24 ¶ 14). The sex offender program requires participants to accept responsibility for their crimes- Robins refused to do so. (Doc. 24 ¶ 14). Further, Robins alleged that the Parole Board would not see him because of his refusal to participate in the sex offender program. (Doc. 24 ¶ 16).  Robins alleged that the

---

[1] Robins contends that he was not convicted of involuntary deviant sexual intercourse by forcible compulsion. This is refuted by Robins' court summary pertaining to docket number CP-51-CR-0003430-2009, which reflects a jury found him guilty of this charge. The court may take judicial notice of information which is publicly available on government websites. *See, e.g.*, *Small v. Kauffman*, 2022 WL 3036050 (M.D.Pa. Aug. 1, 2022) (citing *Vanderklok v. U.S.*, 868 F.3d 189, 205 (3d Cir. 2017)).

2

sex offender treatment program facilitated by the Department of Corrections, whose completion was a prerequisite for parole eligibility, required him to falsely admit that he was guilty of a crime. *Id.*

Robins alleges that Wetzel, Salamon, Durst, and Tice's implementation and supervision of the sex offender program infringe on his religious rights. (Doc. 24 ¶ 29). Robins alleges Durst, Damico, Ace, and Collins knew or should have known that requiring Plaintiff to disavow, slander, and give false statements about his marriage in order to have a parole hearing infringed on his religious rights. (Doc. 24 ¶ 30).

## STATEMENT OF QUESTIONS PRESENTED

A.  Should Plaintiff's Motions to Compel production of his pre-sentence investigative report and psychological assessments be denied due to the confidentiality contained within?

Suggested Answer: Yes.

## ARGUMENT

The Federal Rules allow discovery on any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Pursuant to Rule 37(a), "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The motion must include a certification that the movant has, in good-faith, conferred or attempted to

confer with the person or party failing to respond before taking court action. *See id*. A motion to compel a discovery response is appropriate when a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents requested under Rule 34. *See id.* at 37(a)(3)(B). In order to succeed on a motion to compel discovery, a party must first prove that it sought discovery from its opponent. Fed.R.Civ.P. 37(a)(2)(A). *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1310 (3d Cir. 1995).

Since at least 2015, Plaintiff has tried to obtain his pre-sentence investigative report ("PSI") and psychological assessments. *See Robins v. P.A. Dep't of Corr*., No. 3-CV-11-2271, 2015 WL 179074 (M.D. Pa. Jan. 14, 2015). Because inmates are only allowed to access their sentencing data, but not the broader information in a criminal docket sheet such as a pre-sentence investigation report, Plaintiff's motion should be denied. *See Cunningham v. Pennsylvania Dept. of Corrections,* 990 A.2d 1205, 1207 (Pa.Commw.Ct.2010). Furthermore, even if the DOC maintains a copy of the presentence investigation report, Plaintiff is not permitted to access it after sentencing without an order from the sentencing judge. *See* Pa. R.Crim. P. 703(C). *Robins* at 4. In addition, although Plaintiff is entitled to his own mental health history, he is not entitled to his Classification Summary wherein his psychological assessment is summarized. *Id*.

4

a.  <u>Plaintiff is not entitled to his Pre-Sentence Investigative Report</u>

*Cunningham* analyzed if an inmate is authorized to obtain his own pre-sentence investigative report and concluded inmates were not. *Cunningham* at 1208. After sentencing, <u>unless the sentencing judge otherwise orders</u> ... psychiatric, psychological, and pre-sentence reports shall ... be available to:

(1) correctional institutions housing the defendant; and
(2) departments of probation or parole supervising the defendant; and
(3) departments of probation or parole preparing a pre-sentence investigation report regarding the defendant.

The reports shall continue to be <u>confidential and not of public record</u>. *Id*. 'Sentencing Data' refers to information pertaining to the duration of [an inmate's] confinement including, but not limited to, the crime committed, the sentence imposed and dates of incarceration. *Id.* The document Plaintiff requested is considered confidential and is not considered sentencing data. *Id*. As such, it will not be released to Plaintiff.... Plaintiff can request your [pre-sentence investigation report] directly from the county as [it is] the [author] of the document. *Id*. at 1206. Cunningham asserted that pursuant to Pa. R.Crim. P. 707(1) (relating to documents transmitted to prison), the sentencing court delivered his pre-sentence investigation report to SCI. *Id*. Cunningham further asserted that pursuant to DC–ADM 003, he has a right to access inmate information and that there are no requirements within the policy limiting the information he can access. *Id*. Thus, Cunningham contends

he has a right to access a copy of his pre-sentence investigation report as inmate information. *Id.* In response, DOC filed a preliminary objection in the nature of a demurrer, asserting DC–ADM 003 does not create any right in Cunningham to obtain his pre-sentence investigation report because under Pa. R.Crim. P. 703 (relating to disclosure of pre-sentence reports), the report is a confidential document, which Cunningham is not permitted to access without court order. *Id* at 1207. The Commonwealth Court concluded that pursuant to DC–ADM 003, Cunningham had the right to seek access to inmate information—however, the Commonwealth Court disagreed that Cunningham's right to access inmate information under DC–ADM 003 provides him the right to access a copy of his pre-sentence investigation report. *Id.*

A pre-sentence investigation report is comprised of: a summary of the circumstances attending the commission of the crime, the history of delinquency or criminality, physical and mental condition, family situation and background, economic status, education, occupation and personal habits of the defendant, any history of drug or alcohol abuse or addiction and any other matters that the person preparing the report deems relevant or that the court directs be included. 42 Pa.C.S. § 9732. In addition, the pre-sentence investigation report includes "a victim impact statement as provided by law." Pa. R.Crim. P. 702(A)(4). If confidentiality of presentence report is breached, government's access to information would be

severely compromised; and disclosure of reports to public may stifle or discourage vital transmission of information. *United States v. Preate*, 927 F. Supp. 163 (M.D. Pa. 1996).

Thus, although DC–ADM 003 does not limit sentencing data to the type of information enumerated within the policy, it is not clear that sentencing data includes the broader type of information contained within a pre-sentence investigation report. *Cunningham* at 1208.

There are three enumerated groups of people who can access a pre-sentence investigation report and a psychological report—Plaintiff does not fit into any of those categories. Plaintiff does not work for DOC, nor the Department of Probation, nor Parole. Due to the nature of the requested documents it is imperative that the content is kept confidential. Confidentiality assures sources that their information will not be publicly disclosed, encouraging them to provide candid and comprehensive details about the defendant. This is essential for the accuracy and completeness of the report. If confidentiality is breached, it could severely compromise the government's ability to gather information from various sources, which is vital for the sentencing process.

    b.    <u>Plaintiff is not entitled to psychological assessment reports.</u>

With respect to the summaries and assessments by counselors, Defendants maintains that the value of these sections in the classification summary depends

upon their frankness, and that if revealed to an inmate, the DOC professionals would tend to refrain from entering candid opinions and evaluations. Moreover, if an inmate was aware of a DOC staff member's evaluations and interpretations of his behaviors, the inmate would be capable of manipulating the resulting determination with respect to classification decisions. *Robins v. P.A. Dep't of Corr.*, No. 3-CV-11-2271, 2015 WL 179074, at *3 (M.D. Pa. Jan. 14, 2015).

Plaintiff is entitled to his own mental health records—he is not entitled to DOC evaluations. Based on those distinctions, Defendants have provided Plaintiff with his mental health record from April 26, 2023, and Sex Offender Tracking summaries and assessments.

## CONCLUSION

For these reasons, Commonwealth Defendants respectfully request that Plaintiff's Motions to Compel be denied due to the confidentiality of the underlying records.

                **Respectfully submitted,**

                **DAVID W. SUNDAY, JR.**
                **Attorney General**

             By: *s/ Christine C. Einerson*
                CHRISTINE C. EINERSON

**Office of Attorney General**     Deputy Attorney General
**15th Floor, Strawberry Square**   Attorney ID 326729
**Harrisburg, PA 17120**
**Phone: (717) 783-1476**      **NICOLE R. DITOMO**

8

| | |
|---|---|
| **ceinerson@attorneygeneral.gov** | **Chief Deputy Attorney General**<br>**Civil Litigation Section** |
| **Date: April 11, 2025** | **Counsel for Defendants** |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNATHAN ROBINS,** | : | |
| **Plaintiff** | : | |
| | : | No. 3:21-CV-1474 |
| v. | : | |
| | : | **Judge Mannion** |
| **SECRETARY JOHN WETZEL,** | : | |
| **SUPERINTENDENT SALAMON,** | : | **Electronically Filed Document** |
| **SUPERVISOR TICE,** | : | |
| **COORDINATOR DAMICO,** | : | *Complaint Filed 08/26/21* |
| **SUPERVISOR DURST,** | : | |
| **PROGRAM COORDINATOR** | : | |
| **COLLINS** *and* **PROGRAM** | : | |
| **COORDINATOR ACE,** | | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Christine C. Einerson, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on April 11, 2025, I caused to be served a true and correct copy of the foregoing document titled Brief in Opposition to Plaintiff's Motions to Compel to the following:

**VIA U.S. MAIL**

**Johnathan Robins, JP-9849**
**SCI Rockview**
**PO Box 33028**
**St. Petersburg, FL 33733**
*Pro Se Plaintiff*

                                *s/ Christine C. Einerson*
                                **CHRISTINE C. EINERSON**
                                Deputy Attorney General