UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN ROBINS, | : |
|     Plaintiff | :   CIVIL ACTION NO. 3:21-1474 |
| v. | :   (JUDGE MANNION) |
| SECRETARY JOHN WETZEL, *et al.*, | : |
|     Defendants | : |

**MEMORANDUM**

Pending before the court are *pro se* plaintiff, Jonathan Robins's, motions to compel discovery (Docs. 41 and 51) of his presentence investigative report and psychological assessments. The motions will be denied as the request seeks documents not relevant to the plaintiff's claim and to protect the confidentiality of the underlying records.

**I.    Background**

On August 26, 2021, the plaintiff, an inmate confined at the Rockview State Correctional Institution, (SCI-Rockview), Bellefonte, Pennsylvania, filed the above-captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). In his original complaint, the plaintiff alleged violations of his rights to due process, equal protection and the free exercise of his religion. These alleged violations related to the plaintiff's participation in a sex offender

program at SCI-Rockview. The plaintiff alleged that the sex offender program, the completion of which is necessary to be considered eligible for parole, required him to falsely admit that he was guilty of a crime. While the plaintiff alleged that he was willing to admit that he engaged in the claimed sexual acts, he stated that he was unwilling to admit that he engaged in any illegal conduct because the acts occurred with his wife. The plaintiff's wife was a minor child at the time of the charged offenses. The plaintiff argued that any requirement that he admit guilt under the sex offender program violated his constitutional and statutory rights.

By memorandum and order dated December 9, 2021, the undersigned gave the plaintiff's complaint preliminary consideration under 28 U.S.C. §§1915A and 1915(c) and dismissed the action as legally frivolous. (Doc. 12). The plaintiff appealed that decision, and by an opinion filed September 28, 2022, the United States Court of Appeals for the Third Circuit affirmed this court's decision in part, vacated in part, and remanded for further proceedings. (Doc. 23). Specifically, the Third Circuit agreed that the plaintiff's equal protection and due process claims, as well as any claims

under the Fifth and Eighth Amendments were all properly dismissed.[1] The Third Circuit indicated, however, that the plaintiff also alleged that the admission-of-guilt requirement of the sex offender program violated his constitutional and statutory rights to the free exercise of religion. In this regard, the Third Circuit pointed out that the plaintiff alleged that marriage was a sacred tenant of his religion and that he could not admit the illegality of his sexual conduct, which he construed as denouncing his religious marital vows, without violating his religious beliefs. Although such allegations would be meritless under the First Amendment, the Third Circuit found that it had not had occasion to consider an acceptance-of-responsibility component of a sex offender treatment program in the context of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §2000cc-1, *et seq.*, or the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §2000bb-1, *et seq.* Given the lack of controlling precedent and this court's failure to consider the claim, the Third Circuit vacated the *sua sponte* dismissal and remanded the case for this court to consider the acceptance-

---

[1] The Third Circuit noted that the plaintiff also raised a claim of age discrimination which was not considered by this court, but that any age discrimination claim was also facially meritless.

of-responsibility component of the sex offender treatment program in the context of RLUIPA and RFRA, allowing for amendment of the complaint as deemed appropriate. (Doc. 23).

On October 21, 2022, the plaintiff filed an amended complaint (Doc. 19) which the court ordered stricken from the record (Doc. 22). The plaintiff was directed to file a second amended complaint limited to the impact of the plaintiff's acceptance of responsibility in the sex offender treatment program on his constitutional and statutory rights to the free exercise of religion. On February 24, 2023, the plaintiff filed his second amended complaint raising claims under RLUIPA, RFRA and the Pennsylvania Constitution.[2] (Doc. 24). In response, on April 28, 2023, the defendants filed a motion to dismiss the plaintiff's second amended complaint. (Doc. 34). By way of memorandum and order, the court granted the motion in part and denied it in part. (Docs. 55 and 56). The court dismissed all claims brought under RFRA, concluding that the statute does not apply to state officials, and allowed for the claims brought under RLUIPA and the Pennsylvania Constitution to proceed. (*See Id.*) In that memorandum, the court held in abeyance any decision on the

---

[2] The plaintiff also argued that he had a right to be seen by the parole board. This issue was previously ruled upon by the court and found properly dismissed by the Third Circuit.

plaintiff's instant motions to compel pending the filing of a brief in opposition by the defendants. (Doc. 55 at 14). Now that the defendants have filed their brief (Doc. 58) and the plaintiff has replied (Doc. 61), the instant motions are ripe for disposition.

## II.   Standard of Review

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. Under Rule 37(a), a party may file a motion to compel discovery when the opposing party fails to respond or provides incomplete or evasive answers to properly propounded document request or interrogatories. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii—iv). Pursuant to Fed. R. Civ. P. 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

The scope and conduct of discovery are within the sound discretion of the trial court. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003); *see also McConnell v. Canadian Pacific Realty Co.*, 280 F.R.D. 188, 192 (M.D. Pa. 2011) ("Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment.").

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "non-privileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information," a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

With these principles in mind, the court turns to consider the various discovery requests set forth in Mr. Robins' motions to compel.

### III. Discussion

Despite repeated assertions that his presentence report and psychological assessments bear on his religious freedom claim, the plaintiff fails to articulate any argument that renders them relevant.

"Inmates clearly retain protections afforded by the First Amendment . . . including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Est. of Shabazz*, 482 U.S. 342, 348 (1987). However, a regulation limiting prisoners' religious exercise is constitutional if the record shows that

it is "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see DeHart v. Horn*, 227 F.3d 47, 50 (3d Cir. 2000).

RLUIPA offers broader protection than the First Amendment. *See Holt v. Hobbs*, 574 U.S. 352, 361 (2015). The statute forbids the government from imposing "a substantial burden" on a prisoner's religious exercise unless the government "demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). A substantial burden under RLUIPA exists where: (1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion to receive a benefit; or (2) the government puts substantial pressure on an adherent to substantially modify his behavior to violate his beliefs. *Washington v. Klem*, 497 F.3d 272, 280 (3d Cir. 2007). Both the First Amendment and RLUIPA require that the beliefs in question are "sincerely held" and religious in nature. *See* Holt, 574 U.S. at 360-61.

Here, the plaintiff alleges that the acceptance-of-responsibility component to the sex-offender treatment program offered by the

Pennsylvania Department of Corrections (the "DOC") violates his constitutional and statutory rights to the free exercise of religion because the program requires him to admit guilt, which he perceives as denigrating his marriage—a sacred tenet of his religion. The plaintiff holds that he could not admit to the illegality of his sexual conduct, which he construed as denouncing his religious marital vows, without violating his religious beliefs. In essence, the acceptance-of-responsibility component to the program imposes "a substantial burden" on his religious exercise.

Paradoxically, however, the plaintiff's arguments in support of the discovery requests appear to bear no direct relevance to the program at issue, his sincerely held religious beliefs, the tenets of his faith, or other pertinent matters. Rather, they primarily concern his attempt to establish that the defendants were either misinformed about, or unaware of, his marital status, and to preemptively contest the government's anticipated justification that the challenged policy serves a compelling governmental interest. But the defendants' knowledge or misinformation regarding the plaintiff's marital status has no bearing on whether the plaintiff was actually married, does not advance the plaintiff's claim that his religious rights were substantially burdened, and has no connection on whether the government can meet its

burden of showing that its policy serves a compelling governmental interest. However fervently the plaintiff presses for disclosure, the arguments lack relevance to the matters in dispute and are unlikely to produce information of probative value.

Furthermore, the defendants correctly point out that the confidential and sensitive nature of the information contained in the plaintiff's presentence report and his psychological assessments requires their disclosure to be limited. *See Bracey v. Price*, 2012 WL 849865, at *2–3 (W.D. Pa. Mar. 13, 2012). However, that does not mean such information is beyond discovery, where relevant. (*Id.*)

A presentence investigation report is comprised of: a summary of the circumstances attending the commission of the crime, the history of delinquency or criminality, physical and mental condition, family situation and background, economic status, education, occupation and personal habits of the defendant, any history of drug or alcohol abuse or addiction and any other matters that the person preparing the report deems relevant or that the court directs to be included. 42 Pa. C.S. §9732. In addition, the presentence report includes "a victim impact statement as provided by law." Pa. R. Crim. P. 702(A)(4). If confidentiality of the report is breached, the government's

- 9 -

access to information would be severely compromised; and disclosure of reports to public may stifle or discourage vital transmission of information. United States v. Preate, 927 F. Supp. 163, 167 (M.D. Pa. 1996).

With respect to the psychological assessments of plaintiff conducted by Department of Corrections counselors, the reliability and utility of such evaluations depend upon the candidness of the DOC professionals. Disclosure of these assessments to the inmate would likely inhibit such candor, as DOC personnel may be reluctant to provide honest opinions and evaluations. Moreover, such disclosure creates a risk that the inmate could manipulate the information, thereby undermining the integrity of classification decisions—both of which are undesirable outcomes.

In sum, the court concurs that the contents of the presentence report and psychological assessments must remain confidential, as disclosure would impair the government's ability to effectively gather and safeguard the sensitive information contained therein. The court further observes that this is not the plaintiff's first attempt to obtain these materials; he has previously sought access through another proceeding. See Robins v. P.A. Dep't of Corr., 2015 WL 179074 (M.D. Pa. Jan. 14, 2015). The same confidentiality concerns that informed the prior ruling are present in this matter. Id. at *3-4.

Accordingly, following in line with the prior ruling, Mr. Robins's current motions to compel discovery will yield the same result and be therefore denied.

## IV. Conclusion

For the foregoing reasons, the plaintiff's motions to compel (Docs. 41 and 51) will be denied. An appropriate order will follow.

MALACHY E. MANNION
United States District Judge

Date: 6/12/25
21-1474-03